# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OCEAN TOMO, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. _____ |
| | ) |
| JONATHAN BARNEY and | ) |
| PATENTRATINGS, LLC, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant Jonathan Barney ("Mr. Barney") hereby removes this action (the "Action") from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1441 and 1446.

1. On or about January 27, 2012, plaintiff Ocean Tomo, LLC ("Ocean Tomo") commenced the Action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, where it is captioned *Ocean Tomo, LLC v. Barney*, No. 12 CH 2966. In its complaint (a copy of which is attached hereto as Exhibit 1), Ocean Tomo purported to allege claims against Mr. Barney for breach of contract, breach of fiduciary duty, violation of the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.*, violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and conversion.

2. Ocean Tomo did not arrange for the issuance of a summons with respect to the Action until on or about August 28, 2012, and did not purport to serve that summons upon Mr. Barney until September 20, 2012. (A copy of the summons, and the complaint served with the summons, is attached hereto as Exhibit 2.)

3. On October 9, 2012, Ocean Tomo filed a motion for leave to file a First Amended and Supplemental Verified Complaint (the "Amended Complaint"). (A copy of the motion, and the attached proposed Amended Complaint, is attached hereto as Exhibit 3.) The Amended Complaint names PatentRatings, LLC ("PatentRatings") as a defendant, in addition to Mr. Barney. Mr. Barney is the Chief Executive Officer and majority shareholder of PatentRatings. The Amended Complaint includes alleged claims for breach of contract, breach of fiduciary duty, violation of the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.*, violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, conversion, and tortious interference with contract.

4. On October 17, 2012, the Circuit Court of Cook County entered an Order in the Action that, among other things, granted Ocean Tomo leave to file the Amended Complaint *instanter*. (A copy of the Order is attached hereto as Exhibit 4.)

5. On information and belief, PatentRatings has not yet been served with process with respect to the Action.

6. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over the Action under 28 U.S.C. §§ 1331 and 1367. The Court has federal question jurisdiction over Ocean Tomo's alleged claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, because that claim arises under the laws of the United States. 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Ocean Tomo's remaining state law claims pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy as the claim giving rise to federal question jurisdiction under 28 U.S.C. § 1331. Ocean Tomo's state law claims do not raise novel or complex issues of state law, and do not substantially predominate over the claim giving rise to the Court's federal question jurisdiction.

7. Mr. Barney respectfully submits that, because, on information and belief, PatentRatings has not yet been served with a summons, its consent to this removal is not required under 28 U.S.C. § 1446(b)(2)(A). In the event, however, that such consent is deemed to be required, PatentRatings consents to the removal of the Action to this Court.

8. This Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within 30 days of service of the summons upon Mr. Barney. As noted above, the summons was served upon Mr. Barney on September 20, 2012. Under Section 1446(b), the deadline for Mr. Barney to file a notice of removal is 30 days after September 20, 2012. Because the thirtieth day falls upon Saturday, October 20, 2012, under Fed. R. Civ. P. 6(a)(1), the deadline to file the notice of removal is the next day that is not a Saturday, Sunday, or legal holiday, which is October 22, 2012.

9. A copy of all process, pleadings, and orders that have been served upon defendants is filed with this Notice of Removal.

10. Mr. Barney will give written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

11. A copy of this Notice of Removal will be filed with the clerk of the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant Jonathan Barney respectfully requests that the Action proceed in this Court as an action properly removed to it.

Dated: October 19, 2012

Respectfully submitted,

JONATHAN BARNEY

By: /s/ *David C. Layden*
    One of his attorneys

David C. Layden
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
(312) 840-7796 (fax)

2145899.1

## CERTIFICATE OF SERVICE

I, David C. Layden, an attorney, hereby certify that I served a copy of the foregoing Notice of Removal upon:

M. Derek Zolner
Chad A. Schiefelbein
Rachel T. Copenhaver
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601-1003

by First Class United States Mail this 19th day of October 2012.

                                                */s/ David C. Layden*
                                                David C. Layden