# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OCEAN TOMO, LLC, ) | |
| ) | |
| Plaintiff-Counterdefendant, ) | |
| ) | |
| vs. ) | No. 12 C 8450 |
| ) | |
| JONATHAN BARNEY and ) | Hon. Joan B. Gottschall |
| PATENTRATINGS, LLC, ) | |
| ) | |
| Defendants-Counterplaintiffs. ) | |

**DEFENDANT-COUNTERPLAINTIFF PATENTRATINGS, LLC'S MOTION FOR ADDITIONAL TIME TO RESPOND TO PLAINTIFF-COUNTERDEFENDANT OCEAN TOMO, LLC'S MOTION FOR SUMMARY JUDGMENT**

Defendant-Counterplaintiff PatentRatings, LLC ("PatentRatings") respectfully moves this Court, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, for the entry of an Order providing an additional 60 days – until May 11, 2015 – for PatentRatings to respond to the motion for summary judgment filed by Plaintiff-Counterdefendant Ocean Tomo, LLC ("Ocean Tomo"). In support of this motion, PatentRatings respectfully states as follows:

1. On January 30, 2015, Ocean Tomo filed its motion for summary judgment, which seeks summary judgment with respect to the purported invalidity of eight (8) patents issued to PatentRatings by the United States Patent and Trademark Office relating to the PatentRatings® patent analysis system (the "PatentRatings System"). Beginning in 2004, Ocean Tomo, PatentRatings, and Jonathan Barney ("Mr. Barney"), the inventor of the PatentRatings System and the CEO and majority owner of PatentRatings, entered into a number of related agreements by which, among other things, Ocean Tomo licensed the PatentRatings System from PatentRatings, and Ocean Tomo became a 25% owner of PatentRatings. (*See, e.g.*, Mr. Barney's and PatentRatings' Amended Counterclaim [Dkt. 84] ¶¶ 6-10.) In this action, Mr. Barney and

PatentRatings are asserting a number of claims against Ocean Tomo, including, among other things, fraud and breach of the parties' license agreements. (*See id.* ¶¶ 1-113.) No party has asserted a claim for patent infringement in this action, and Ocean Tomo has not sought declaratory relief with respect to the validity of any of PatentRatings' patents. Ocean Tomo has asserted purported invalidity as an affirmative defense to certain of PatentRatings' claims. Ocean Tomo's motion for summary judgment does not make clear whether Ocean Tomo is seeking summary judgment only on the issue of invalidity, or on one or more of its affirmative defenses.

2. In support of its motion for summary judgment, Ocean Tomo filed a 25-page memorandum in support and the declaration of Patrick Thomas, Ph.D., which consists of 164 paragraphs that cover 48 pages. In his declaration, Dr. Thomas purports to provide "an analysis of the patent portfolio owned by PatentRatings LLC." [sic] (*See* Thomas Decl. ¶ 1.) In addition to the legal memorandum and the Thomas Declaration, Ocean Tomo also submitted copies of the eight PatentRatings patents that are the subject of its motion. Those eight patents, which include 192 claims, taken together consist of 248 pages of documentation.

3. In order to have a fair opportunity to demonstrate to the Court all of the reasons that Ocean Tomo's motion for summary judgment is without merit, and should be denied, PatentRatings anticipates that:

    (a) PatentRatings will retain an expert witness;[1]

    (b) PatentRatings' expert will need to, among other things:

- review Dr. Thomas' report;

- review the eight patents and 192 claims at issue;

- obtain and review Dr. Thomas' file and any other documents that Dr. Thomas reviewed;

---

[1] *See* Declaration of Jonathan Barney (attached hereto as Exhibit 1) ¶ 2.

- obtain and review the relevant prosecution file histories;

- assist PatentRatings' counsel with preparing for a deposition of Dr. Thomas;

- attend Dr. Thomas' deposition;

- prepare his or her own analysis of the patents at issue, and an analysis of Dr. Thomas' declaration; and

- prepare for and attend his or her deposition by Ocean Tomo.[2]

(c) PatentRatings and its counsel will need to incorporate PatentRatings' expert's analysis and conclusions into an opposing memorandum of law.[3]

4. PatentRatings currently is working to identify and retain an expert, but has not yet retained an expert.[4]

5. Ocean Tomo has not yet produced Dr. Thomas' file, or any of the other documents that Dr. Thomas reviewed in connection with his engagement. Indeed, with the exception of the eight PatentRatings patents, Ocean Tomo has not produced any of the documents cited in the Thomas Declaration, or any other documents responsive to PatentRatings' discovery requests relating to Ocean Tomo's affirmative defenses. (Ocean Tomo's counsel has represented to PatentRatings' counsel that Ocean Tomo will be producing those documents.) Moreover, prior to providing PatentRatings' counsel with a draft of its summary judgment motion and a draft Thomas Declaration on January 23, 2015, Ocean Tomo had not provided PatentRatings with any disclosure whatsoever regarding Dr. Thomas.

6. For all of these reasons, PatentRatings believes that it is reasonable for PatentRatings to be afforded additional time to complete discovery relating to Ocean Tomo's

---

[2] *See id.* ¶ 3.
[3] *See id.* ¶ 4.
[4] *See id.* ¶ 5.

motion and the Thomas Declaration, and to prepare its own expert declaration. Rule 56(d) of the Federal Rules of Civil Procedure provides that, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: . . . (2) allow time to obtain affidavits or declarations or to take discovery . . . ."[5]

7. Accordingly, beginning in the early afternoon of February 10, 2015, PatentRatings' counsel engaged in a series of discussions with Ocean Tomo's counsel about the amount of additional time that PatentRatings would have to respond to Ocean Tomo's motion. PatentRatings' counsel initially proposed that PatentRatings would file its response to the motion 120 days after presentment of the motion on February 11, 2015. Ocean Tomo's counsel objected to 120 days, and instead proposed 60 days. PatentRatings' counsel proposed 90 days as a compromise, but despite good faith efforts during several telephone conversations (in which PatentRatings' counsel described the work outlined above that PatentRatings anticipates will be required to respond to Ocean Tomo's motion), Ocean Tomo refused to agree to a 90-day time period for PatentRatings to respond. Ocean Tomo's counsel did not provide any reason for that refusal, other than Ocean Tomo's belief that PatentRatings "does not need that much time to respond," purportedly because Ocean Tomo provided PatentRatings with a draft of its motion a week before filing it with the Court.

8. Late in the afternoon on February 10th, this Court entered an Order that, among other things, set a briefing schedule that provides PatentRatings 30 days, or until March 11, 2015, to file its response to Ocean Tomo's motion, and struck the motion hearing set for February 11th.

---

[5] As noted above, this motion is supported by the attached Declaration of Jonathan Barney, the CEO and majority owner of PatentRatings.

4

9. PatentRatings respectfully requests that the Court grant this motion and enter an Order modifying the briefing schedule to provide PatentRatings with an additional 60 days – until May 11, 2015 – to file its response to Ocean Tomo's motion for summary judgment. As demonstrated above and in the attached Declaration of Jonathan Barney, PatentRatings needs the additional time to, among other things, conduct discovery relating to Ocean Tomo's motion and the Thomas Declaration, retain its own expert, have that expert review voluminous and complicated documents, prepare a declaration, and appear for a deposition, and prepare a memorandum and related papers in opposition to Ocean Tomo's motion. PatentRatings submits that, in light of that necessary work, an additional 60 days beyond the current schedule is the minimum amount of time in which PatentRatings can fairly respond to Ocean Tomo's motion.[6] Moreover, Ocean Tomo has not and cannot demonstrate that the additional time will prejudice Ocean Tomo in any way, or delay the resolution of this action.

---

[6] Indeed, recognizing the time that is required for a party to properly and fairly conduct expert discovery and to prepare its own expert disclosures, Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure provides that, absent a stipulation or a court order, expert disclosures must be made at least 90 days before the date set for trial. Fed. R. Civ. P. 26(a)(2)(D).

WHEREFORE, for all of the reasons set forth above, PatentRatings respectfully requests that the Court grant this motion and enter an Order providing PatentRatings an additional 60 days – until May 11, 2015 – to file its opposition to Ocean Tomo's motion for summary judgment.

DATED: February 14, 2015

Respectfully submitted,

PATENTRATINGS, LLC

By: */s/ David C. Layden*
    One of its attorneys

David C. Layden
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350 (phone)
(312) 840-7796 (fax)