IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OCEAN TOMO, LLC, <br><br> Plaintiff-Counter Defendant, <br><br> v. <br><br> JONATHAN BARNEY and PATENTRATINGS, LLC, <br><br> Defendants-Counter Plaintiffs. | No. 12 C 8450 <br><br> Judge: Joan B. Gottschall <br> Magistrate: Judge Mary M. Rowland |

**OCEAN TOMO, LLC'S RESPONSE TO DEFENDANTS-COUNTER PLAINTIFF PATENTRATINGS, LLC'S MOTION FOR ADDITIONAL TIME**

Plaintiff-Counter Defendant Ocean Tomo, LLC ("OT"), through its undersigned counsel, for its response to Defendant-Counter Plaintiff PatentRatings, LLC's ("PR") Motion for Additional Time to Respond to OT's Motion for Summary Judgment (the "Motion"), respectfully states as follows:

1. On February 10, 2015, this Court entered an Order giving PR until March 11, 2015 to respond to OT's Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 101. [Docket No. 99.] Counsel for PR has asked OT to consent to an extension of PR's deadline. While OT is willing to agree to a reasonable extension, OT views the amount of time requested by PR as excessive in light of the fact that, as detailed below, the issues are purely legal, do not require extensive discovery and are narrowly limited to determining whether the claims of the licensed patents are directed to abstract ideas.

2. As detailed in OT's Memorandum in support of the Summary Judgment Motion (the "Memorandum"), OT and PR are parties to a License Agreement pursuant to which, among other things, PR licensed to OT the right to use the processes claimed in eight of PR's patents

-1-

(the "Patents-in-Suit") to assist in determining the quality and relevance of other patents for certain of OT's clients. [Docket No. 95 p. 5.] A series of recent decisions from the U.S. Supreme Court and Court of Appeals for the Federal Circuit beginning with *Alice Corp. Pty, Ltd. v. CLS Bank Int'l,* 134 S. Ct. 2354 (2014), however, have substantially altered the landscape regarding process patents implemented on computers and, thus, have rendered the claimed subject matter of the patents-in-suit ineligible for patent protection under 35 U.S.C. § 101. [Docket No. 95 pp. 6–7.]

3. More specifically, each of the claims in the Patents-in-Suit are directed to fundamental mathematical and statistical tools, such as regression analysis, which are applied to preexisting data collected by a general-purpose computer to determine relationships between the collected and analyzed data. [Docket No. 95 p. 7.] The claims do nothing more than describe the implementation of an abstract idea (i.e., the application of a statistical tool to collected data) on a generic computer, and the statistical tools described in the Patents-in-Suit have long been used as basic tools in the study of relationships between data. (*Id.*) On that basis, OT has moved for summary judgment that the patents-in-suit are invalid. [Docket No. 94.]

4. Significantly, evaluation of whether or not the Patents-in-Suit are directed to ineligible abstract ideas under 35 U.S.C. § 101 in the wake of *Alice* does not involve claim construction. Instead, a Court need only make the legal determination of whether the claims are directed to an abstract idea, and if so, whether the remaining elements of the claim are sufficient to transform the nature of the claim into patent eligible subject matter. [Docket No. 95 pp. 8–9] *citing Alice*, 134 S. Ct. at 2356; *Bilski v. Kappos*, 130 S. Ct. 3218, 3230 (2010); *Mayo Collaborative Series v. Prometheus Labs, Inc.,* 132 S. Ct. 1289, 1296–97 (2012). Notably,

recitation in the claims that the abstract idea is to be carried out on a generic computer is insufficient to meet the second part of the test. *Id.*

5. OT's position with respect to the Patents-in-Suit has long been known to PR. OT asserted invalidity under Section 101 as an affirmative defense to PR's claims for royalties under the License Agreement as early as December 21, 2012. In Interrogatory Answers served on PR on or about January 23, 2014, OT specifically stated that the Patents-in-Suit are "invalid under 35 U.S.C. § 101 as directed to an abstract idea."

6. Furthermore, OT provided PR with a draft of the Memorandum and the supporting Declaration of Dr. Patrick Thomas as a courtesy on January 23, 2015.

7. OT filed its Memorandum and the related submissions on January 30, 2015 and noticed the motion for February 11, 2015, by which date PR already had a copy of the Memorandum and related Declaration for 19 days. [Docket No. 93.]

8. As set forth in the Memorandum, whether the claims of a particular patent are directed to ineligible abstract ideas in the wake of *Alice* is a legal issue so straightforward that it has been routinely decided on Rule 12(b)(6) motions to dismiss. [Docket No. 95 p. 11] *citing*, *inter alia*, *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 713–17 (Fed. Cir. 2014).

9. On February 10, 2015, counsel for OT initiated a dialogue with counsel for PR in advance of the presentment date of OT's summary judgment motion to ascertain whether the parties could reach an agreement with respect to a briefing schedule.

10. As part of those discussions, counsel for PR asked if OT would agree to a briefing schedule under which PR would have 120 days from the presentment date of the motion for summary judgment to file its response. OT found that amount of time excessive in light of the straightforward nature of the subject matter. Instead, OT offered to agree to 45 days from the

presentment date. When counsel for PR indicated that 45 days was not enough time, and in an effort to reach a compromise, counsel for OT offered to recommend 60 days to his client and to seek his client's agreement to that extension. Since counsel for PR rejected that offer, client approval was never sought or obtained. While the parties were engaged in these discussions, the Court entered a Minute Order setting a briefing schedule with respect to OT's summary judgment motion under which PR has 30 days from the presentment date, or until March 11, 2015, to file its response. [Docket No. 99.]

11. PR filed the Motion a few days later seeking an additional 60 days on top of the 30 already provided by the Court up to and including May 11, 2015. [Docket No. 100.][1]

12. OT is more than willing to accommodate PR by agreeing to a reasonable extension. However, the purpose of OT's motion is to significantly limit the issues in this case for discovery and trial. Allowing OT until the middle of May to respond fails to achieve that purpose.

13. Moreover, the arguments advanced by PR in the Motion are simply without merit. First, PR complains that OT "has not yet produced Dr. Thomas' file, or any of the other documents that Dr. Thomas reviewed in connection with his engagement." [Docket No. 100 ¶ 5.] PR neglects to mention that OT offered to produce Dr. Thomas' file immediately during the parties discussions on February 10, 2015, and also indicated that Dr. Thomas is available to be deposed within the next few weeks. Without regard to how the Court rules on PR's Motion, OT will produce Dr. Thomas' entire file by February 19, 2015. OT is also willing to produce Dr. Thomas for deposition on ten days' notice to OT.

---

[1] This time period does not include the 19 days prior to February 10, 2015, during which PR was in possession of a draft of the Memorandum and Dr. Thomas's Declaration.

14. PR also asserts that OT "has not produced any of the documents cited in the Thomas Declaration, or any other documents responsive to [PR's] discovery requests relating to [OT's] affirmative defenses." (*Id.*) This argument has no merit, as all of the documents referenced in Dr. Thomas' declaration, including the Patents-in-Suit, are publicly available and easily obtainable. [Docket No. 97-1 p. 50.] There are no documents or information uniquely in OT's possession which need to be discovered in order for OT's invalidity motion to be resolved. Regardless, OT will provide counsel for PR with all relevant publicly available articles in its possession simultaneously with the filing of this Response, and again, will produce Dr. Thomas' entire file by February 19, 2015.

15. PR also asserts that it requires time to retain its own expert, but it provides no explanation of why such retention should reasonably take so long, especially given that the issues presented in the motion have long been known to PR. PR's arguments underscore the parties' disagreement regarding PR's response time. Resolution of OT's motion only requires a legal determination as to whether the claims of the Patents-In-Suit are abstract. There is no reason it should take over 100 days to prepare a response.[2]

16. As a responsible litigant, OT is certainly willing to agree to reasonable extensions of deadlines to accommodate PR and its counsel. Indeed, OT has agreed to numerous extensions requested by PR throughout the course of this litigation and the recently consolidated state court action, and vice versa.

---

[2] If PR's Motion is granted, PR will have over 108 days to respond to OT's summary judgment motion from the date it first received a draft from OT's counsel. Again, the Federal Circuit has already affirmed rulings of invalidity as abstract ideas in the wake of *Alice* at the Rule 12(b)(6) stage. *Ultramercial*, 772 F.3d at 713–17; *see also Content Extraction and Transmission LLC v. Wells Fargo Bank, NA*, Nos. 2013–1588, 2013–1589, 2014–1112, 2014–1687, 2014 WL 7272219 (Fed. Cir. Dec. 23, 2014).

17. In this instance, however, the extension sought by PR is excessive in light of the straightforward nature of OT's summary judgment motion.

18. PR has not offered a reasonable justification for tripling the court-imposed time for filing a response (exclusive of the 19 days during which PR had a copy of OT's motion), and PR's Motion should be denied.

WHEREFORE, OT respectfully requests that this Court enter an Order (1) denying PR's Motion and setting a more appropriate deadline for PR's response to OT's motion for summary judgment; and (2) entering any further relief the Court deems appropriate.

    Respectfully submitted,

    OCEAN TOMO, LLC


    By: /s/ Jeremy R. Heuer
        One of Its Attorneys


Thomas P. Cimino, Jr.
Robert S. Rigg
Jeremy R. Heuer
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, Illinois  60601-1003
T:  +1 (312) 609-7500

Dated:  February 17, 2015

# CERTIFICATE OF SERVICE

I, Jeremy R. Heuer, an attorney, hereby certify that on February 17, 2015, I caused to be electronically filed the foregoing **OCEAN TOMO, LLC'S RESPONSE TO DEFENDANTS-COUNTER PLAINTIFFS' MOTION TO EXTEND BRIEFING SCHEDULE** with the Clerk of the Court using the Court's Case Management/Electronic Case Files (CM/ECF) system, which will send notifications of such filing to the following counsel of record:

David C. Layden            DLayden@jenner.com

/s/ Jeremy R. Heuer