**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| OCEAN TOMO, LLC, ) | |
| ) | |
| Plaintiff-Counterdefendant, ) | |
| ) | |
| vs. ) | No. 12 C 8450 |
| ) | |
| JONATHAN BARNEY and ) | Hon. Joan B. Gottschall |
| PATENTRATINGS, LLC, ) | |
| ) | |
| Defendants-Counterplaintiffs. ) | |

**REPLY IN SUPPORT OF DEFENDANT-COUNTERPLAINTIFF
PATENTRATINGS, LLC'S MOTION FOR ADDITIONAL TIME
TO RESPOND TO PLAINTIFF-COUNTERDEFENDANT
OCEAN TOMO, LLC'S MOTION FOR SUMMARY JUDGMENT**

Defendant-Counterplaintiff PatentRatings, LLC ("PatentRatings") respectfully submits the following reply in support of its motion, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, for the entry of an Order providing an additional 60 days – until May 11, 2015 – for PatentRatings to respond to the motion for summary judgment filed by Plaintiff-Counterdefendant Ocean Tomo, LLC ("Ocean Tomo").

1. In its motion and the supporting Declaration of Jonathan Barney, PatentRatings demonstrated that, in order for PatentRatings to have a fair opportunity to: (a) retain its own expert; (b) conduct discovery, with the assistance of its expert, relating to Ocean Tomo's expert witness (who submitted a 48-page, 164-paragraph declaration in support of Ocean Tomo's motion for summary judgment); (c) have its expert review and analyze the eight patents and 192 claims at issue, the prosecution file histories, and the other documents and facts pertinent to Ocean Tomo's motion; (d) have its expert prepare a declaration; (e) produce its expert for a

deposition by Ocean Tomo; and (f) prepare papers responding to Ocean Tomo's motion, PatentRatings should be afforded an additional 60 days to file its response.

2. In its response, Ocean Tomo does not – and could not – dispute that PatentRatings is entitled to conduct this discovery, to propound its own expert, or do any of the other things described in PatentRatings' motion, and summarized in the paragraph above. Nor does Ocean Tomo genuinely try to explain how PatentRatings reasonably could do all of those things under the current briefing schedule, or under the 30 additional days that Ocean Tomo now suggests would be a reasonable extension.

3. Instead, Ocean Tomo argues that the 60 additional days sought by PatentRatings is excessive because, according to Ocean Tomo, "the issues [presented by its motion for summary judgment] are purely legal" and are "straightforward." (Resp. ¶¶ 1, 8.) That assertion, and much of Ocean Tomo's response (*see id.* ¶¶ 1-4, 8), are nothing more than arguments going to the merits of Ocean Tomo's summary judgment motion – arguments that PatentRatings will show are without merit. (Indeed, Ocean Tomo's contentions that the issues presented by its motion are "purely legal" and "straightforward" are rebutted by the fact that, to bring its motion, Ocean Tomo found it necessary to file a 48-page, 164-paragraph declaration filled with purported factual assertions.)

4. Moreover, Ocean Tomo does not dispute that, prior to January 23, 2015, it had not provided PatentRatings with any disclosure whatsoever regarding its expert, Patrick Thomas, and still has not produced Dr. Thomas' file, or any of the other documents that Dr. Thomas reviewed in connection with his engagement, although Ocean Tomo represents that it will do so sometime today – 20 days *after* Ocean Tomo filed its motion. (*See* Resp. ¶ 13.) Because Ocean Tomo still has not yet produced Dr. Thomas' file – despite Ocean Tomo's claim that it purportedly was

prepared to do so "immediately" on February 10th (*see id.*) – PatentRatings is not yet in a position to assess whether there are deficiencies in Ocean Tomo's disclosures, and whether further discussions between the parties will be required to compel Ocean Tomo to comply (belatedly) with Rule 26(a)(2).

5.  Ocean Tomo also argues that PatentRatings should not be afforded the additional 60 days it seeks because "OT's position with respect to the Patents-in-Suit has long been known to" PatentRatings, purportedly because of certain of Ocean Tomo's affirmative defenses and interrogatory answers. (Resp. ¶ 5.) What Ocean Tomo does not say, however, is that, in those previous "disclosures," Ocean Tomo asserted a laundry list of every possible ground for patent invalidity, not simply purported invalidity under 35 U.S.C. § 101 as an "abstract idea." For example, in the affirmative defenses that Ocean Tomo served on December 12, 2012, Ocean Tomo asserted that PatentRatings' patents purportedly "are invalid for failure to comply with the requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112." More importantly, the knowledge that Ocean Tomo might argue at trial that the patents at issue are invalid under Section 101 as "abstract ideas" has no bearing on the amount of time that should be afforded PatentRatings to respond to the motion for summary judgment and the Thomas Declaration that Ocean Tomo filed on January 30, 2015.

WHEREFORE, for all of the reasons set forth above and in its motion, PatentRatings respectfully requests that the Court grant this motion and enter an Order providing PatentRatings an additional 60 days – until May 11, 2015 – to file its opposition to Ocean Tomo's motion for summary judgment.

DATED:  February 19, 2015                  Respectfully submitted,

                                                                      PATENTRATINGS, LLC

                                                                    By: */s/ David C. Layden*
                                                                          One of its attorneys

David C. Layden
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois  60654
(312) 222-9350 (phone)
(312) 840-7796 (fax)