# *Exhibit C*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OCEAN TOMO, LLC, ) | |
| ) | |
|     Plaintiff-Counterdefendant, ) | |
| ) | |
| vs. ) | No. 12 C 8450 |
| ) | |
| JONATHAN BARNEY and ) | Hon. Joan B. Gottschall |
| PATENTRATINGS, LLC, ) | |
| ) | |
|     Defendants-Counterplaintiffs. ) | |

### DECLARATION OF ANDY GIBBS

I, Andy Gibbs, declare and state as follows:

1. I am the founder of PatentCafe.com, Inc. ("PatentCafe") and was its Chief Executive Officer up until about June of 2009 when it was acquired by Pantros IP. The statements in this declaration are based on my personal knowledge.

2. I am submitting this declaration in connection with Ocean Tomo's motion seeking to invalidate eight patents (U.S. Pat. Nos. 6,556,992; 7,657,476; 7,716,226; 7,949,581; 7,962,511; 8,131,701; 8,504,560; and 8,818,996) invented by Mr. Barney and owned by PatentRatings.

3. In about 2004 or 2005 I began developing an automated patent analysis system which PatentCafe called the "ICO Patent Factor Index." This was a tool for rating and valuing patents by performing automated analysis of various objective factors which were known or believed to be general indicators of value.

4. PatentCafe first publicly announced and introduced its ICO Patent Factor Index on June 16, 2005. Exhibit 1 is a true and correct copy of the first press release publicly announcing the ICO Patent Factor Index.

5. Prior to developing the ICO Patent Factor Index I was generally familiar with the PatentRatings System developed by Mr. Barney as described, for example, in his '992 and '511 patents. These patents disclose and claim a specific type of automated patent analysis system which requires, among other things, constructing a computer regression model based on particular selected metrics extracted from a first and second population of patents and then using the regression model to rate or rank patents in a third population of patents in accordance with a determined probability of one or more selected qualities of interest being present or absent (e.g., likelihood of infringement, validity, or maintenance).

6. The ICO Patent Factor Index represented a completely different approach which did not utilize any kind of regression model and did not try to predict the presence or absence of any selected qualities of interest in a particular patent population. Moreover, the ICO Patent Factor Index did not rely on bibliometrics or citation analysis to identify groups of relevant patents. Instead, it relied entirely on latent semantic analysis to identify relevant patents (i.e., electronically reading and comparing the text in each patent).

7. The ICO Patent Factor Index did not practice and did not infringe any claims of the '992 and '511 patents or any of the other patents identified above.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 7, 2015

By: /s/ Andy Gibbs
Andy Gibbs

2



Home   About   Newsletter   Advertise   Contact   Subscribe

IP News | IP Management | Patents | Copyright | Trademark | IPFrontline International

Home » World Intellectual Property News » News » PatentCafe's New Online Tools Analyze Patent Value

# PatentCafe's New Online Tools Analyze Patent Value

Posted on June 15, 2005 by **Andy Gibbs** in **News**

Patents have been referred to as the most complex legal documents that exist. Patents define the legal boundaries of an innovation that the owner intends to exploit in commerce in order to create economic value

In an age where patents are becoming the material equity core of an enterprise, managers are being challenged to become all in one patent-business-technology experts in order to understand intrinsic patent value and generate revenue. Enterprises are disserved when managers eschew the daunting task of becoming the resident all in one. Without broad knowledge and experience in patent valuation, they rely on software tools or third party services to quantify a patent's value, and accept at face-value a single "score", or a ($) dollar value analysis that the software or service computes.

As dangerous as this practice is, it's also somewhat understandable – at least until a solution is provided by which they can in fact intelligently assess the disparate legal, commercial and technical attributes of a patent, and draw informed, business critical conclusions on the value of the combined patent factors.

Patents have been referred to as the most complex legal documents that exist. Patents define the legal boundaries of an innovation that the owner intends to exploit in commerce in order to create economic value. These three primary determinants are collective and interactive indicators of patent value:

(1) legal factors;

(2) commercial factors; and

(3) technological factors.

In 1965 Frederic Scherer published his study that tied patent data to innovation, launching a forty-year race by economists to develop ever more predictable methods of analyzing patent indicators to determine economic value.

As Trajtenberg, Jaffe and Hall (2000) observed, there have been many patent research programs conducted over the last four decades in an ongoing effort to quantify innovation, but one of the major drawbacks, extremely valuable as they had been, was that they relied exclusively on simple patent counts as indicators of some sort of innovative output. However, it has long been known that innovations vary enormously in their technological and economic "importance", "significance" or "value", and moreover, that the distribution of such "values" is extremely skewed.

Even the best methods employed by enterprise to maximize patent value are imprecise at best, and similarly complex. Today's managers are challenged to balance the assessment of all three factors, simultaneously, acknowledging that the determinant "value" of each factor can be arguably inverted as required to support a changing set of business objectives.

While serving as a Fortune 100 Business Development EVP, the author found that identifying the most valuable patents and products for acquisition or in-licensing required the

## Search Articles

To search, type and hit enter



## Recent Posts

Provectus' patent approved in Europe and issued in Japan
An Easier Way to Protect Your Designs Globally
Isis Pharmaceuticals Licenses ISIS-FXI Rx to Bayer to Develop and Commercialize for the Prevention of Thrombosis
Heliospectra files Canadian patent application
Amarantus receives notice of allowance for U.S. patent

## Categories

Copyright (17)

Intellectual Property Management (3,678)

IPFrontline International (322)
    IPFL auf Deutsch (106)
    IPFL en Español (64)
    IPFL en Français (49)
    IPFrontline Canada (103)

Patents (5,284)

Trademark (28)

Uncategorized (8)

World Intellectual Property News (6,146)
    News (1,280)
    People (4,866)

assessment of all three patent factors, the critical foundation for SMART[1], his first innovation evaluation model that balanced innovation assessment using interrelationships between various patent factors.

Not surprisingly, this multiple factor analysis echoes the value creation process the author followed as a product development guideline during his more than 25 years as an inventor.

But legal, business and technology experts inherently weight patent factors differently – even though value maximization occurs only when all three factors positively converge. Veritably, patent attorneys will put more value on the patent legal factors such as claim scope, invalidity risk, and so forth. On the other hand, the technologist will more narrowly value a patent based on technical attributes, while the business professional will more broadly correlate patent value to the commercial opportunities that the patent helps create (Chart A).

"Valuation" by different experts will be computed quite differently, even though they would all be evaluating the identical patent. Different subject matter experts working together toward the same general objective would be unable to agree on a single rating system applied across the three patent factors that would adequately address the outside ifor Adaptive Relational Testing (SMARTT) technology consolidates critical, interrelated components of the line-item invention assessment points … mathematically balances them to deliver a more accurate picture. Rating charts are not scores . relative to a precise collection of evaluation points that make up that individual rating. A general rating is not a precise score, and is calculated using a variable number of interactive, related business, financial and legal components, along with a set of underlying assumptions that are not shown. (A. Gibbs, 1996)

2. ICO Patent Factor Index Report is an online patent analysis solution available at www.IAMcafe.com

To be continued

### About Andy Gibbs (86 Articles)

Andy Gibbs was a keynote presented at the Patent Quality Index (PQI) initiative at Columbia University.
Hosted by the Royal Society of the Arts, PQI is an empirical study on predictive attributes of high
quality patents.
An IP Thought Leader, he was a Forum Moderator of a the IBM Sponsored WIKI: Standards for
Standards, a global discussion of invited policy makers and IP professions addressing abuses and
guideline standards for technology (patent) standards organizations, and was a member of the
esteemed panel of participants in Building a New IP Marketplace Â the IBM / NY Law School WIKI
on policy and process for improving patent quality, transparency, fair valuation, flexibility and global
consistency.
He served two terms on the USPTO Public Patent Advisory Committee (PPAC), and served as Chairman, E-government Subcommittee advising on Patent Office IT infrastructure and software
tools. He is an immediate past member of the Board of Directors, Intellectual Property Owners
Association, and a member of the Licensing Executives Society and Patent Information Users
Group. Mr. Gibbs authored the corporate patent strategy book, Essentials of Patents (Wiley),
PatentWriter (Sq. One), and more than 100 patent quality and IP management articles.

← Previous article          Next article →