IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OCEAN TOMO, LLC, ) | |
|     Plaintiff, ) | Case No. 12 C 8450 |
| ) | |
|     v. ) | Judge Joan B. Gottschall |
| ) | |
| JONATHAN BARNEY and ) | |
| PATENTRATINGS, INC., ) | |
|     Defendants. ) | |

## ORDER

By September 8, 2015, at 12:00 noon, the parties shall file simultaneous briefs, not to exceed ten pages each, addressing two questions relating to the pending motion for partial summary judgment [94]. See order for details.

## STATEMENT

In this case, Ocean Tomo seeks, among other things, a declaration that certain agreements with PatentRatings, including a License Agreement (Dkt. 116-6, and as amended) "remain in full force and effect." (Pl.'s Memo., Dkt. 95, at 2.) In its motion for partial summary judgment, Ocean Tomo contends that certain patents that are subject to the License Agreement are invalid.

The License Agreement provides that "LICENSEE [Ocean Tomo] . . . further agrees not to challenge . . . the validity or enforceability of the Licensed Rights in any court or other tribunal anywhere in the world." (Dkt. 116-6 at § 5.1.) The agreement also contains a survival clause that states, in pertinent part, that:

> The following provisions will survive any termination of this Agreement, along with all definitions: Section 3.1(b), 4.5, 5.1, 7.1, and 7.3 (for a period of three years . . . The termination of this Agreement for any reason whatsoever will be without prejudice to any right or obligation of any party hereto in respect of this Agreement that has arisen prior to such termination.

(*Id*. at § 10.4.) With respect to the temporal scope of § 10.4, in its second amended complaint, Ocean Tomo alleges that "in early 2012 [PatentRatings] "purported to wrongfully terminate the agreements between the parties based on nonmaterial breaches which, if they are even breaches in the first place, have been cured by Ocean Tomo in accordance with the License Agreement." (Sec. Am. Compl., Dkt. 83, at ¶ 4.)

The parties do not appear to have addressed §§ 5.1 or 10.4 in their voluminous summary judgment filings. They directed to address the following in simultaneous briefs, not to exceed ten pages each:

1. Given § 5.1, can Ocean Tomo argue that the License Agreement is still in force yet challenge the validity of the patents that are within the ambit of the License Agreement?

2. If the court accepts (without deciding) that the License Agreement was terminated in 2012 for the purposes of the motion for summary judgment, it appears that the parties' agreement that Ocean Tomo would not challenge the patents' validity (either in perpetuity or for three years, depending on how the License Agreement is read; the result would be the same either way since this case was filed in 2012) survives any termination. In this circumstance, can Ocean Tomo raise an invalidity challenge?

Date:  September 3, 2015                                   /s/
                                                    Joan B. Gottschall
                                                    United States District Judge