IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OCEAN TOMO, LLC,<br><br>    Plaintiff-Counter Defendant,<br><br>v.<br><br>JONATHAN BARNEY and<br>PATENTRATINGS, LLC,<br><br>    Defendants-Counter Plaintiffs. | No. 12 C 8450<br><br>Judge:  Joan B. Gottschall<br>Magistrate:  Judge Mary M. Rowland |

## PLAINTIFF-COUNTER DEFENDANT'S BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 101

Plaintiff-Counter Defendant Ocean Tomo, LLC ("Ocean Tomo"), for its brief in further support of its Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 101 (the "Motion"), pursuant to the Court's Order dated September 3, 2015, hereby states as follows:

By Order dated September 3, 2015, the Court directed the parties to address the following two questions:

    1.    Given § 5.1, can Ocean Tomo argue that the License Agreement is still in force yet challenge the validity of the patents that are within the ambit of the License Agreement?

    2.    If the court accepts (without deciding) that the License Agreement was terminated in 2012 for the purposes of the motion for summary judgment, it appears that the parties' agreement that Ocean Tomo would not challenge the patents' validity (either in perpetuity or for three years, depending on how the License Agreement is read; the result would be the same either way since this case was filed in 2012) survives any termination. In this circumstance, can Ocean Tomo raise an invalidity challenge?

Ocean Tomo submits that, irrespective of whether or not the License Agreement remains in force or contains post-termination obligations which purport to bar Ocean Tomo from challenging the subject patents, Ocean Tomo is not barred from challenging the validity of the patents-in-suit because "no challenge" clauses in patent licensing agreements are void and

unenforceable under *Lear v. Adkins*, 395 U.S. 653 (1969) and its progeny. In that well-known decision, the Supreme Court overturned the doctrine of "licensee estoppel," citing the "important public interest in permitting full and free competition in the use of ideas which are in reality a part of the public domain. Licensees may often be the only individuals with enough economic incentive to challenge the patentability of an inventor's discovery. If they are muzzled, the public may continually be required to pay tribute to would-be monopolists without need or justification. We think it plain that the technical requirements of contract doctrine must give way before the demands of the public interest in the typical situation…." *Id*. at 670.

Federal courts interpreting *Lear*, including the Seventh Circuit,[1] have made it clear that licensee's may challenge the validity of patents subject to patent licensing agreements whether or not the agreements contain a provision purporting to bar the licensee from asserting invalidity. For example, in *Panther Pumps*, the Seventh Circuit held that no-challenge clauses in patent licensing agreements are "plainly unenforceable." *Panther Pumps & Equipment Co., Inc. v. Hydrocraft, Inc.*, 468 F.2d 225, 231 (7th Cir. 1972) *see also Bendix Corp. v. Balax, Inc.*, 471 F.2d 149, 157 (7th Cir. 1973) (explaining that *Lear* made null and void contractual provisions that restrict the rights of licensees to raise patent invalidity challenges); *Kraly v. National Distillers & Chem. Corp.*, 319 F. Supp. 1349, 1352 (N.D. Ill. 1970) (explaining that "[n]otwithstanding the agreement not to contest the validity of the . . . patent . . . *Lear* compels the conclusion that defendant is not estopped from raising the defense of invalidity").

---

[1] Although patent invalidity is pled as an affirmative defense, any appeal of this action will be to the Seventh Circuit, not the Federal Circuit since this action does not arise under the federal patent law (nor does any compulsory counterclaim). *Christianson v. Colt Industries Operating Corp,* 486 U.S. 800, 809 (1988) a*ccord, Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002).

Federal courts outside the Seventh Circuit have also consistently held that contractual provisions purporting to bar patent licensees from challenging validity are unenforceable under *Lear*. *See also Robintech, Inc. v. Chemidus Wavin, Ltd.*, 450 F. Supp. 817, 820 (D.D.C. 1978) ("[N]o contest clauses indubitably are unenforceable against the licensee under *Lear*."); *Wallace Clark Co., Inc. v. Acheson Industries*, 401 F. Supp. 637, 639 (S.D.N.Y. 1975) ("The effect of *Lear* was to render unenforceable any license agreement provision that attempts to prevent the licensee from contesting the validity of the patent as a defense to an action by the licensor to enforce the license agreement."); *Congoleum Industries, Inc. v. Armstrong Cork Co.*, 366 F. Supp. 220, 232 (E.D. Pa. 1973) ("The decision in *Lear* struck down the enforceability of contractual provisions which preclude licensees from contesting the validity of the licensed patent."), *aff'd* 510 F.2d 334 (3d Cir. 1975); *Blohm v. Voss AG v. Prudential-Grace Lines, Inc.*, 346 F. Supp. 1116, 1141 (D. Md. 1972) ("[A] licensee [is] not, by virtue of a license, estopped to raise the question of invalidity of the patent when sued for infringement. A fortiori, clauses specifically negating this right are invalid.") *rev'd on other grounds* 489 F.2d 331 (4th Cir. 1973); *Plastic Contact Lens Co. v. W.R.S. Contact Lens Lab., Inc.*, 330 F. Supp. 441, 443 (S.D.N.Y. 1970) (explaining that a no-challenge clause in a license agreement presented no bar to the licensee's ability to challenge the patent's validity).

While there are limited exceptions to the *Lear* doctrine, none of them apply here. Specifically, courts have held that *Lear* does not render no-challenge clauses in consent decrees and settlement agreements unenforceable in light of the "strong policy in favor of settlement of litigation and, in the case of consent decrees, . . . in favor of res judicata." *Baseload Energy, Inc. v. Roberts*, 619 F.3d 1357, 1362 (Fed. Cir. 2010); s*ee also Flex-Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1370 (Fed. Cir. 2001) (finding a settlement agreement that barred challenges to patent

invalidity to be valid); *Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 474–75 (Fed. Cir. 1991) (finding a consent decree that barred challenges to patent invalidity to be valid). In this case, there has been no settlement agreement or consent decree. Accordingly, this exception does not apply.

Courts have also held that *Lear* does not apply to patent assignments, as opposed to patent licenses. *Diamond Sci. Co. v. Ambico, Inc.*, 848 F.2d 1220, 1225 (Fed. Cir. 1988). In their opposition to Ocean Tomo's Motion, Mr. Barney and PatentRatings, LLC ("PR" and collectively with Mr. Barney, "Defendants") argue that "there is, at the very least, a genuine dispute of material fact with respect to whether Ocean Tomo is barred by assignor estoppel from challenging the validity of the patents." [Docket No. 119 p. 22.] Ocean Tomo has already responded to that argument. As set forth in Section VI.A of Ocean Tomo's Reply in support of the Motion, which is incorporated here by reference, this argument fails because the very evidence relied upon by Defendants establishes that Ocean Tomo is not an assignor. [Docket No. 127 pp. 22–23.]

Specifically, Defendants do not argue that any actual assignments from Ocean Tomo to PR have been made with respect to any of the patents-in-suit, as the indisputable records of the USPTO show only assignments from Mr. Barney to PR, mooting Defendants' arguments on this point. (*Id.*)

Defendants argument that the patents-in-suit were assigned by virtue of Mr. Barney's obligation to assign inventions to Ocean Tomo is spurious, as Section 5.3 of the Employment Agreement explicitly excludes the patents-in-suit any such obligation: "Notwithstanding anything to contrary contained in this Agreement, the provisions of this Section 5.3. *shall not apply to the inventions and patents described in and licensed to the Company pursuant to the*

-4-

*License Agreement*." [Docket No. 116-9 § 5.3] (emphasis added). There can be no dispute that this exclusion applies to the patents-in-suit, as the License Agreement explicitly includes "all patent applications and patents, and all continuations, continuations-in-part, divisionals, and foreign counterparts of such patents and patent applications that are owned by [PR]" and provides that "[a]ll Improvements will be owned by [PR]." [Docket No. 116-6 §§ 1.10, 5.3.] Because the patents-in-suit were subject to the License Agreement and therefore excluded from any obligation to be assigned by Mr. Barney to Ocean Tomo in the first instance and because there never was an assignment from Mr. Barney or PR to Ocean Tomo, the assignor estoppel exception to the *Lear* doctrine is also inapplicable here.

For these reasons, in addition to those set forth in Ocean Tomo's Memorandum of Law and Reply in support of its Motion, Ocean Tomo respectfully requests that this Court find that each of the patents-in-suit cover nonpatentable subject matter under 35 U.S.C. § 101.

Respectfully submitted,

OCEAN TOMO, LLC

By:   /s/ Jeremy R. Heuer
      One of Its Attorneys

Thomas P. Cimino, Jr.
Robert S. Rigg
Jeremy R. Heuer
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 (312) 609 7500

Joel E. Lutzker
500 West Putnam Avenue
Suite 400
Greenwich, CT 06830
T: + 1 (203) 542.7219

Dated: September 8, 2015

# CERTIFICATE OF SERVICE

I, Jeremy R. Heuer, an attorney, hereby certify that on September 8, 2015, I caused to be electronically filed the foregoing **PLAINTIFF-COUNTER DEFENDANT'S BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 101** with the Clerk of the Court using the Court's Case Management/Electronic Case Files (CM/ECF) system, which will send notifications of such filing to the following counsel of record:

David C. Layden          DLayden@jenner.com

/s/ Jeremy R. Heuer