IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OCEAN TOMO, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN BARNEY and PATENTRATINGS, LLC, <br><br> Defendants. | Case No. 1:12-cv-08450 <br><br> Honorable Thomas M. Durkin <br><br> Hon. Mary M. Rowland |

## PLAINTIFF'S MOTION TO BAR DEFENDANTS FROM CALLING OCEAN TOMO'S GENERAL COUNSEL AS A WITNESS AT TRIAL

Plaintiff Ocean Tomo, LLC, by and through its attorneys, moves this Honorable Court to bar Defendants from calling Ocean Tomo's General Counsel, Joel Lutzker, as a witness at trial. In support thereof, it states as follows:

### I. BACKGROUND

On June 26, 2017, Defendants amended their witness list to include Mr. Joel Lutzker, General Counsel of Ocean Tomo, as a "will call" witness at trial. Defendants broadly identify the topics of Mr. Lutzker's testimony as follows:

> Lutzker is a managing director, general counsel and Chief Intellectual Property Officer at Ocean Tomo. Lutzker was involved in a number of the acts and events relating to Barney's and PatentRatings' claims, including but not limited to acts and events relating to the alleged misallocation of profits and improper distributions of cash to members of Ocean Tomo, Ocean Tomo's alleged concealment of and failure to pay royalties owed to PatentRatings, and Ocean Tomo's alleged interference with Barney's and PatentRatings' business expectancies with NTT Data.

Ex. 1 at pg. 2. Mr. Lutzker is an attorney of record and has actively participated in this litigation. *See* Dkt. 79, 80. As an attorney of record, he has advocated on behalf of Ocean Tomo regarding

1

Ocean Tomo's claims and defenses. Among other things, he has participated in trial, attended court hearings and status conferences, and deposed and defended witnesses. Mr. Lutzker was also deposed in this case on January 4, 2017, and the deposition process provided a preview of the hurdles and inequities Ocean Tomo and Mr. Lutzker may face if he was called to testify at trial. There were several disruptions due to question implicating privilege, including around seventy mentions of privilege and numerous breaks among the attorneys.[1]

## II. ARGUMENT

Ocean Tomo moves to preclude Defendants from calling Mr. Lutzker as a witness at trial, given the serious concerns over privilege and potential prejudice to the case, and because Defendants cannot satisfy the factors set forth in *Shelton, infra*, for calling counsel as a witness. Even under a flexible application of *Shelton*, Defendants should be barred from eliciting Mr. Lutzker's testimony because any testimony is likely subject to attorney-client privilege or likely to reveal his own legal opinions, analysis, or conclusions as they relate to the claims and defenses of the parties.

Courts disfavor the practice of calling counsel to testify at trial because eliciting testimony of counsel disrupts the adversarial system, lowers the standards of the profession, adds to the already burdensome time and costs of litigation and detracts from the quality of client representation. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1987); *see M&R Amusements Corp. v. Blair*, 142 F.R.D. 304, 305 (N.D. Ill. 1992) ("Deposing an opponent's attorney is a drastic measure. It only creates a side-show and diverts attention from the merits of the case, its use also has a strong potential for abuse. Thus, a motion to depose an opponent's attorney is viewed with a jaundiced eye and is infrequently proper."). Federal courts in this district

---

[1] Ocean Tomo does not object to the introduction of deposition excerpts from Mr. Lutzker into evidence.

apply and follow *Shelton* in determining whether deposition or trial testimony of counsel is proper. *See e.g., In re Plasma-Derivative Protein Therapies Antitrust Litig. v. CSL Ltd.*, No. 09 C 7666, No. 11 C 1468, 2013 WL 5274296, at *2 (N.D. Ill. Sep. 18, 2013) ("Numerous federal courts in this district" have followed Shelton); *United States v. Dish Network, L.L.C.*, No 09-3073, 2015 U.S. Dist. LEXIS 169892, *8-9 (C.D. Ill. Dec. 7, 2015) ("Some courts apply the *Shelton* test flexibly, considering the need to take the deposition; the attorney's role; the risk of encountering privilege and interfering with the attorney-client relationship; avoiding unnecessary expense; and the extent of discovery conducted to obtain the information").

In *Shelton*, the 8th Circuit held that a party wishing to elicit opposing counsel testimony must show that (1) no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case. *Shelton*, 805 F.3d at 1327. Mr. Lutzker's status as "opposing counsel" under *Shelton* turns on the extent of his level of involvement in the litigation. *Artunduaga v. Univ. of Chi. Med. Ctr.*, Case No. 12 C 8733, 2016 U.S. Dist. LEXIS 169460, *6 (N.D. Ill. Dec. 8, 2016) (citations omitted). And, though *Shelton* addressed the deposition of counsel, "[b]y logical extension, the *Shelton* rule also applies to determine whether an opposing counsel may be called as a witness at trial." *Dish Network, L.L.C.*, No 09-3073, 2015 U.S. Dist. LEXIS 169892, at *7-8 (quoting *Wilson Rd. Dev. Corp. v. Fronabarger Concreters, Inc.*, No. 1:11-CV-84-CEJ, 2015 WL 269795, at *1 (E.D. Mo. Jan. 21, 2015)); *see also Johnstone v. Wabick*, 220 F. Supp. 2d 899, 901 (N.D. Ill. Sept. 13, 2002) (applying similar factors for eliciting trial testimony of counsel).

Here, Mr. Lutzker is actively involved in the present litigation such that *Shelton* applies. He appeared as counsel of record on October 1, 2014, Dkt. 79, and is the only attorney of record for Ocean Tomo that has been actively involved in the litigation since its inception. And among

other things, he has filed an appearance in this case, deposed witnesses and defended depositions, and participated in court status hearings and trial.

Regarding the *Shelton* factors, Defendants' witness list seeks a seemingly endless amount of information from Mr. Lutzker, including privileged information, and provides no bases for whether the information sought is relevant or obtainable by other means. The overwhelming majority, if not all, of the information sought is subject to privilege or likely to implicate privilege. Defendants can obtain information on its claims through numerous other sources—namely the extensive written and oral discovery exchanged between the parties over the five-year course of the litigation as well as the witnesses called by the parties. For example, if Defendants seek to obtain testimony regarding Mr. Lutzker's interactions with Mr. Barney, Mr. Barney may provide such testimony. Essentially all of Mr. Lutzker's potentially relevant interactions with Mr. Barney have been in writing with Mr. Barney or his counsel (including Mr. Layden) and Ocean Tomo does not contest the authenticity of any such writings. Accordingly, any relevant, non-privileged information may be collected by other means, and Mr. Lutzker's testimony is not crucial to Defendants' case, as demonstrated by the fact that they only recently amended their witness list to include Mr. Lutzker as a "will call" at trial.

Likewise, documents speak for themselves, and examining Mr. Lutzker on the contents of documents implicates countless privilege concerns. Privilege concerns—including inadvertent disclosure and waiver of the attorney-client privilege—are even more pronounced here due to the longevity of the case and Mr. Lutzker's active participation in the case. If called, Ocean Tomo's counsel may be forced to object to nearly every question that could lead to disclosure of privileged information at trial. The case would also be delayed significantly and could unfairly prejudice

4

Ocean Tomo in the eyes of the Court. Defendants have not and cannot satisfy *Shelton* or any similar test, and this Court should preclude Defendants from calling Mr. Lutzker at trial.

### III. CONCLUSION

For the foregoing reason, Ocean Tomo requests this Court grant its motion to bar Defendants from calling Mr. Lutzker as a witness at trial.

Dated: June 30, 2017            Respectfully submitted,

           */s/ William Cory Spence*

William Cory Spence (No. 6278496)
Jacob R. Graham (No. 6309125)
Brian J. Beck (No. 6310979)
SpencePC
405 N. Wabash Ave., Suite P2E
Chicago, Illinois 60611
312-404-8882
william.spence@spencepc.com
jacob.graham@spencepc.com
brian.beck@spencepc.com
*Counsel for Plaintiff*
*Ocean Tomo, LLC*

6

## Certificate of Service

  I, Jacob Graham, an attorney, hereby certify that on June 30, 2017, I caused the foregoing Motion to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                */s/ Jacob R. Graham*

                Jacob R. Graham