IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OCEAN TOMO, LLC, | |
| Plaintiff, | No. 12-cv-08450 |
| v. | Hon. Thomas M. Durkin |
| JONATHAN BARNEY and PATENTRATINGS, LLC, | Hon. Mary M. Rowland |
| Defendants. | *Document electronically filed* |

**PLAINTIFF AND COUNTER-DEFENDANT OCEAN TOMO, LLC'S
REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION
TO AMEND THE COMPLAINT TO CONFORM TO EVIDENCE**

# Table of Contents

Introduction ................................................................................................................................... 1

Argument ..................................................................................................................................... 2

    I.  The Court should grant Ocean Tomo's motion for leave to amend because the proposed amendments were addressed at trial and would not prejudice Defendants. ....................... 2

        A.  Rule 15(b)(1) requires the Court to freely grant Ocean Tomo's motion for leave to amend unless Defendants can show specific prejudice. ............................................... 2

        B.  Defendants still have not shown that they were, are, or will be prejudiced by any of Ocean Tomo's proposed amendments to the Complaint. ............................................. 3

        C.  Rule 15(b)(2) requires the Court to grant Ocean Tomo's motion for leave to amend at least as to Barney's breach of his non-compete provision, because the new evidence of that breach was introduced by Defendants. ............................................................. 6

   II.  Ocean Tomo's proposed amendments are not futile. ........................................................... 7

        A.  Ocean Tomo's new factual allegations are not barred by any statute of limitations because they relate back to the original complaint. ........................................................ 7

        B.  The new factual allegations all relate to claims against Barney in his individual capacity, so they cannot be precluded by the 2012 Arbitration. .................................. 10

Conclusion ................................................................................................................................ 10

# Table of Authorities

**Cases**

*Casimir v. City of Chicago*,
  No. 15-cv-3711, 2018 U.S. Dist. LEXIS 48069 (N.D. Ill. Mar. 23, 2018) ............................... 8

*Dank v. Shinseki*,
  374 F. App'x 396 (4th Cir. 2010) .................................................................................................. 2

*Disch v. Rasmussen*,
  417 F.3d 769 (7th Cir. 2005) ............................................................................................. 2, 3, 6

*Dookeran v. County of Cook*,
  719 F.3d 570 (7th Cir. 2013) .................................................................................................... 10

*Farmer v. Lane*,
  864 F.2d 473 (7th Cir. 1988) .................................................................................................... 10

*In re Prescott*,
  805 F.2d 719 (7th Cir. 1986) ...................................................................................................... 7

*Johnson v. Chicago*,
  712 F. Supp. 1311 (N.D. Ill. 1989) ........................................................................................... 10

*King v. Kramer*,
  763 F.3d 635 (7th Cir. 2014) ................................................................................................. 2, 3

*Marrese v. American Academy of Orthopedic Surgeons*,
  470 U.S. 373 (1985) .................................................................................................................. 10

*Neita v. City of Chicago*,
  830 F.3d 494 (7th Cir. 2016) ...................................................................................................... 8

*Slavitt v. Kauhi*,
  384 F.2d 530 (9th Cir. 1967) ...................................................................................................... 7

*Trinh v. Santa Clara Valley Water Dist.*,
  No. 5:13-cv-5913-EJD, 2016 Wl 1212642 (N.D. Cal. Mar. 29, 2016) ...................................... 3

**Rules**

Fed. R. Civ. P. 15(b)(1) .................................................................................................................... 2

Fed. R. Civ. P. 15(c)(1)(B) ............................................................................................................... 7

## Introduction

Defendants object to Ocean Tomo's proposed amendment as if Ocean Tomo is seeking to introduce entirely new and undisclosed *claims*. But this is not true. In its proposed amendment, Ocean Tomo merely seeks to add *facts* in support of its earlier-pled claims. Ocean Tomo should be permitted to amend its complaint because the parties already engaged in substantial fact discovery and trial testimony concerning the facts which comprise the amendment.

Moreover, because the proposed amendment merely adds factual detail to the same claims that Ocean Tomo pled in the Third Amended Complaint, Defendants cannot show any prejudice resulting from the proposed amendment. The earlier-pled claims (to which Ocean Tomo now seeks to add factual support) were within the scope of discovery. And Defendants do not contest, nor can they contest, that they took significant discovery on those earlier-pled claims. The factual support that Ocean Tomo now seeks to add is supported by documents produced long before the close of fact discovery, produced in response to requests for production served even earlier. The only additional allegation that may not be supported by earlier-produced documents is the allegation that Jonathan Barney communicated with NTT in 2011 in violation of his non-compete obligation. But this fact, which supports Ocean Tomo's earlier pled allegation of breach of contract, is one that Barney admitted at trial. Having done so, he and Patent Ratings cannot be prejudiced by an amendment to add that fact in support of Ocean Tomo's earlier-pled claim.

Unable to point to any specific evidence Defendants would have sought had Ocean Tomo's amendment come earlier—and thus unable to show prejudice—Defendants fall back on meritless claims of futility. Defendants' statute of limitations arguments, all based on an alleged filing date of February 2018, offer no authority to suggest that Rule 15(c)(1)(B) relation back does not apply. All the additional factual allegations relate to the course of conduct, the Ocean Tomo-Jonathan

Barney-PatentRatings relationship that began in 2004, that was described at least in Ocean Tomo's Second Amended Complaint. That Second Amended Complaint was filed in January 2015, before the limitations periods raised by Defendants expired. Defendants' preclusion arguments are equally meritless because Ocean Tomo's additional factual allegations all relate to claims against Barney in his individual capacity. Barney was not a party to the 2012 Arbitration, so Ocean Tomo cannot be precluded from bringing claims against him by the 2012 Arbitration.

## Argument

I. **The Court should grant Ocean Tomo's motion for leave to amend because the proposed amendments were addressed at trial and would not prejudice Defendants.**

    A.     Rule 15(b)(1) requires the Court to freely grant Ocean Tomo's motion for leave to amend unless Defendants can show specific prejudice.

The language of Rule 15(b)(1) is clear: The Court should "freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits."[1] If the non-movants, here the Defendants, cannot show prejudice, then the Court should grant leave to amend.[2]

Even if Ocean Tomo's proposed amendments changed the character of this case (they do not, for the reasons explained in section I.B *infra*), they should still be permitted because Defendants cannot show prejudice. Defendants' argument otherwise relies on a single unpublished out-of-circuit case, *Dank v. Shinseki*.[3] But *Dank* did not hold that "chang[ing] the character of the case" automatically results in prejudice; it held that a Rule 15(b) motion should

---

[1] Fed. R. Civ. P. 15(b)(1).
[2] *Disch v. Rasmussen*, 417 F.3d 769, 776 (7th Cir. 2005); *King v. Kramer*, 763 F.3d 635, 644 (7th Cir. 2014).
[3] 374 F. App'x 396, 401 (4th Cir. 2010) (cited by Dkt. No. 379 at 8).

be denied where it (1) does not point to any evidence raised at trial and (2) is made for the first time on the last day of trial, leaving the defendant no opportunity to respond.[4] In any case, the Seventh Circuit in *King v. Kramer* reversed a district court decision denying leave to amend even where it was a "jump-shift in plaintiff's theory, as even a "major change in [the plaintiff's] legal theory" is not only permitted but required if the defendant cannot show prejudice.[5]

Even if Ocean Tomo's proposed additional factual allegations "chang[ed] the character of the case," Defendants by their own admission were aware of them at least when Ocean Tomo served its opening expert report of Steven Sherman (though Ocean Tomo contends Defendants were aware of them much earlier). This is not a case like *Trinh v. Santa Clara Valley Water Dist.*[6] where Defendants had no opportunity to retain an expert or address the allegations at trial. Here, Defendants had the opportunity to serve an expert report responsive to the Sherman report but failed to do so, and they had the opportunity and did enter evidence addressing all of the proposed additional allegations. Under binding Seventh Circuit precedent, Defendants must show actual prejudice, not merely a change in a legal theory, to defeat Ocean Tomo's motion.[7]

**B.   Defendants still have not shown that they were, are, or will be prejudiced by any of Ocean Tomo's proposed amendments to the Complaint.**

Defendants have failed to show prejudice, just as they previously failed to do in their motions *in limine*. The only specific prejudice Defendants identify is that they "would have sought discovery into the myriad business reasons . . . that led to Ocean Tomo's aspirations for a global PatentRatings system not materializing."[8] Even if Defendants were prejudiced by inability to

---

[4] *Id.*
[5] *King*, 763 F.3d at 643-644.
[6] No. 5:13-cv-5913-EJD, 2016 WL 1212642, at *2-3 (N.D. Cal. Mar. 29, 2016) (cited by Dkt. No. 379 at 8).
[7] *See, e.g., Disch*, 417 F.3d at 776.
[8] Dkt. No. 379 at 9-10.

discovery that category of evidence, it would only justify forbidding amendments related to the global PatentRatings system—while permitting Ocean Tomo's other proposed amendments.

But even the one category of evidence Defendants identify was the subject of fact discovery by both sides. At his deposition, Ocean Tomo's CEO, James Malackowski, explained that Ocean Tomo's goal was to develop a global patent ratings system, and that Ocean Tomo's planned joint ventures with NTT and CdC were intended to further that global patent ratings system.[9] Contrary to Defendants' assertions that they first learned about damages related to a global patent rating system in Sherman's report, Malackowski explicitly testified at his March 2017 30(b)(6) deposition that Ocean Tomo's inability to offer a global patent ratings systems was part of its damages claim for the tortious interference claim as well as Barney's breaches of fiduciary duties and contract.[10] Malackowski also testified in his individual capacity that Ocean Tomo's intent in promoting the PatentRatings system was to create a global platform.[11] Ocean Tomo then asked Barney about his knowledge that Ocean Tomo intended to build a global PatentRatings system at his deposition in April 2017.[12] And the documents both sides presented as evidence regarding the global patent rating system at trial were produced long before the close of fact discovery.

Defendants also fail to distinguish between the different proposed paragraphs of Ocean Tomo's proposed Fourth Amended Complaint. In their opposition, Defendants treat all the proposed amendments as part of "Ocean Tomo's entirely new case."[13] But the proposed additional

---

[9] Reply Declaration of Brian J. Beck in Further Support of Plaintiff's and Counter-defendant Ocean Tomo, LLC's Motion to Amend the Complaint to Conform to Evidence ("Beck Reply Decl."), Ex. 1 at 84:7-86:14; 131:15-139:20;141:2-16;173:1-177:1.
[10] Beck Reply Decl., Ex. 1 at 176:1-5 (discussing the tortious interference claim); 182:1-184:14 (discussing the breach of fiduciary duty and breach of contract claims).
[11] Dkt. No. 379, Ex. 4 at 69:3-70:4.
[12] Beck Reply Decl., Ex. 2 [Barney 4/7 Personal Dep. Tr.] at 157:10-159:17
[13] Dkt. No. 379 at 10.

4

factual allegations are not an "entirely new case," and some are much less new than others. The allegations that Barney breached the non-compete provision of his employment agreement are based on the same facts as Ocean Tomo's tortious interference claim, with the only additional fact being Barney's admission that he began talking to NTT on behalf of PatentRatings in March 2011.[14] The global patent ratings system allegations also concern essentially the same facts as Ocean Tomo's tortious interference claim. The breach-of-fiduciary-duty allegations merely expand on allegations in the original complaint concerning Barney's misrepresentations and breach of his duty to loyalty. And other proposed amendments do nothing more than list additional facts concerning already-pled claims.[15] Ocean Tomo is not offering an "entirely new case."

Defendants offer no evidence or challenge to the extensive record of fact discovery—cited and described in Ocean Tomo's opening brief—showing that the factual allegations Ocean Tomo seeks to add were all the subject of discovery.[16] As a result, Defendants' vague arguments for prejudice ring hollow. Defendants did not need to reopen fact discovery to address Ocean Tomo's allegations; they took discovery on those allegations, had all the documents they needed to address them, and chose not to prepare and serve a responsive expert report to Sherman's report. Defendants complain that they would have had to take discovery while simultaneously drafting pretrial submissions, but Ocean Tomo had to do exactly that to address Defendants' new witness Arturo Romero and new theory that Erik Prima wiped Barney's laptop at Ocean Tomo's request.[17]

Similarly, the testimony Defendants presented at trial on the additional factual allegations—which Defendants do not dispute was presented—shows a lack of prejudice.

---

[14] Dkt. No. 356 at 3.
[15] Dkt. No. 356 at 3 n. 8.
[16] Dkt. No. 356 at 5-8.
[17] Dkt. No. 356 at 14 n. 56.

Defendants characterize this as an unfair choice; that they had to choose to concede the allegations or to "rebut Ocean Tomo's case with the limited documents and information that were available to them."[18] Defendants' proffered testimony does not waive their objections; but it does show they had access to evidence sufficient to address the factual allegations, and so would not be prejudiced by the amendment.[19]

Finally, Defendants try to downplay their failure to object to Ocean Tomo's multiple 30(b)(6) deposition topics on the same factual issues as the proposed additional allegations. Ocean Tomo is not arguing that the 30(b)(6) topics were sufficient to put Defendants on notice of new allegations (which Ocean Tomo continues to maintain are not at all new claims), but that Defendants' failure to object on relevance grounds indicates that Defendant did not find the topics irrelevant during discovery. Defendants' excuse, that "an objection to deposition topics as irrelevant would have been futile," is unpersuasive because Defendants objected to other deposition topics as irrelevant.[20] In any case, the fact discovery record as a whole—not just the 30(b)(6) notice, but the deposition testimony, the document requests and interrogatories, the Sherman report, and both parties' trial testimony—shows that Defendants would suffer no prejudice from any of the proposed amendments.

    **C.**    **Rule 15(b)(2) requires the Court to grant Ocean Tomo's motion for leave to amend at least as to Barney's breach of his non-compete provision, because the new evidence of that breach was introduced by Defendants.**

Defendants object that Rule 15(b)(2) does not apply to Ocean Tomo's amendments because they objected, but this is true only for the allegations that were the subject of Defendants' motion *in limine*. Defendants did not object to evidence regarding Barney's breach of his non-compete

---

[18] Dkt. No. 379 at 10.
[19] *See, e.g., Disch*, 417 F.3d at 776.
[20] Dkt. No. 355-6 at 3 (stating that Defendants objected to Topic 50 as irrelevant).

6

obligations or to the additional factual allegations Ocean Tomo seeks to add concerning the NTT transaction, the terms of the parties' agreements, and the timing of Barney's resignation. Those proposed amendments are thus governed by Rule 15(b)(2). Defendants presented evidence on all these issues, and so they have been tried by Defendants' implied consent.[21]

In particular, as noted in Ocean Tomo's original motion, Ocean Tomo is proposing additional allegations regarding Barney's non-compete obligation in direct response to Barney's admissions at trial. Defendants do not challenge the rule that a plaintiff may amend the complaint during trial when a defendant admits facts at trial that create liability not pled in the original complaint.[22] Defendants' sole response on this issue is a footnote stating that Barney did not admit to "competing with Ocean Tomo."[23] Of course Barney claims he did not compete with Ocean Tomo, but he admitted that he spoke to NTT on behalf of PatentRatings in 2011 and continued to negotiate with NTT to Ocean Tomo's detriment throughout 2011.[24] That is sufficient to support Ocean Tomo's proposed amendment on Barney's non-compete obligation.

## II. Ocean Tomo's proposed amendments are not futile.

### A. Ocean Tomo's new factual allegations are not barred by any statute of limitations because they relate back to the original complaint.

Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Defendants assert, without analysis of the original pleading or

---

[21] *E.g.*, *In re Prescott*, 805 F.2d 719, 725 (7th Cir. 1986).
[22] Dkt. No. 356 at 10 (citing *Slavitt v. Kauhi*, 384 F.2d 530, 531 (9th Cir. 1967)).
[23] Dkt. No. 379 at 12 n. 4.
[24] Trial Tr. at 2243:9-2247:4; 2589:13-2591:19.

citation to legal authority, that Ocean Tomo's proposed amendment does not relate back.[25] But under binding Seventh Circuit precedent, Ocean Tomo's proposed amendment relates back to at least the January 2015 filing date of its Second Amended Complaint, which avoids any statute of limitations issues raised by Defendants. And even if it did not, Defendants' statute of limitations arguments are limited to only two of the proposed allegations and cannot bar the rest.

      **1.**     *Ocean Tomo's proposed amended complaint relates back to the Second Amended Complaint under Rule 15(c)(1)(B).*

Ocean Tomo's proposed additional factual allegations do not create new causes of action; they merely add factual support for existing causes of action. Ocean Tomo's allegations as to Barney's misrepresentations and disobedience support Ocean Tomo's already-pled count for breach of fiduciary duty. The allegations of Barney's interference with the CdC deal similarly support not Ocean Tomo's breach of fiduciary count and its already-pled breach of employment agreement claim. The allegations related to Ocean Tomo's planned global patent rating system add further support primarily for its tortious interference claim.

Where the proposed amendment only adds to existing counts and concerns the same conduct or occurrence set out in a previous pleading, it relates back to that pleading. In *Neita v. City of Chicago*, the Seventh Circuit reversed a dismissal under the statute of limitations where the plaintiff sought to add allegations of Fourth Amendment violations as to previously unpled events after the limitations period expired.[26] The Seventh Circuit held that the new factual allegations all flowed from the transaction pled in the original complaint, the plaintiff's wrongful arrest, even if the unlawful searches plaintiff sought to add were not set out in the original complaint.[27]

---

[25] Dkt. No. 379 at 14.
[26] 830 F.3d 494, 498 (7th Cir. 2016).
[27] *Id.*; *see also Casimir v. City of Chicago*, No. 15-cv-3711, 2018 U.S. Dist. LEXIS 48069, at *15 (N.D. Ill. Mar. 23, 2018) (all Rule 15(c)(1)(B) requires is that the amended complaint arise out of the same incident or conduct set out in the original complaint).

By January 2015, this case had expanded with Ocean Tomo's Second Amended Complaint to encompass the entire relationship between Ocean Tomo, Barney, and PatentRatings. The Second Amended Complaint set out the entire course of conduct between the parties, starting from their entry into the 2004 License Agreement and continuing through the present.[28] In particular, the Second Amended Complaint included allegations regarding the start of Ocean Tomo and PatentRatings' relationship, lack of functionality of the PatentRatings Tools, Barney's hiring as Managing Director of the OTPR business, Barney's execution of his Employment Agreement with Ocean Tomo, and his dealings with NTT Data.[29]

Both purportedly "new" allegations as to which Defendants raise the statute of limitations concern the same transactions set out in the Second Amended Complaint, and so are not barred. Ocean Tomo's breach of fiduciary duty claim relates to Barney's hiring as an Ocean Tomo Managing Director and his conduct in that position, which was set out in the January 2015 Second Amended Complaint. The Second Amended Complaint also set out the same transaction to which Barney's failure to hire a COO relates—his employment agreement with Ocean Tomo—and so the allegation relates back to the January 2015 Second Amended Complaint. As both limitations periods that Defendants raise ended after January 2015, nothing in Ocean Tomo's proposed Fourth Amended Complaint is futile due to a statute of limitations.

### 2. *Defendants have only raised a statute of limitations defense on two limited allegations.*

Even if Defendants' statute of limitations argument had merit, it addresses only Barney's actions during his employment as they relate to the fiduciary duty claim (but not the breach of

---

[28] Dkt. No. 83 at ¶¶ 20-102.
[29] *Id.* at ¶¶ 24-25 (Ocean Tomo's interest and intent in entering into the 2004 License Agreement with PatentRatings), 33, 40 (lack of functionality of the PatentRatings tools), 41-43 (Barney's hiring as an Ocean Tomo Managing Director and resulting fiduciary duties), 99-102 (Barney's discussions with NTT on behalf of PatentRatings).

9

employment agreement claim) and Barney's failure to hire a COO as required by an amendment to the employment agreement. The statute of limitations cannot defeat all the other allegations Ocean Tomo seeks leave to add to the Complaint.

### B. The new factual allegations all relate to claims against Barney in his individual capacity, so they cannot be precluded by the 2012 Arbitration.

Finally, Defendants once again assert that Ocean Tomo's claims are barred as precluded by the 2012 Arbitration—and once again, Defendants' argument fails because (1) these issues were not decided on the merits in the Arbitration, and (2) Barney was not a party to the Arbitration. In Ocean Tomo's opposition to Defendants' motions *in limine*, which Ocean Tomo hereby reincorporates, it explained that issue preclusion does not apply because the Arbitration decision was limited to the parties' contractual obligations for maintaining the PatentRatings Tools.[30] Similarly, claim preclusion cannot bar Ocean Tomo's proposed allegations because Barney was not a party to the Arbitration, and thus the arbitrators did not have the power to resolve claims against Barney in his individual capacity.[31]. All of Ocean Tomo's proposed additional allegations relate to Barney's breach of his fiduciary duties or his breach of his employment agreement; they are not asserted against PatentRatings. They therefore cannot be precluded by the 2012 Arbitration.

### Conclusion

For the reasons set forth in Ocean Tomo's opening memorandum (Dkt. No. 356), this memorandum, and the supporting exhibits, the Court should grant Ocean Tomo's motion to amend the complaint to conform to evidence.

---

[30] Dkt. No. 296 at 9-10; *Johnson v. Chicago*, 712 F. Supp. 1311, 1314 (N.D. Ill. 1989) (citing *Farmer v. Lane*, 864 F.2d 473, 477 (7th Cir. 1988)).
[31] *See, e.g., Dookeran v. County of Cook*, 719 F.3d 570, 579 (7th Cir. 2013) (quoting *Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373, 382 (1985)) (no claim preclusion where the previous forum had no subject matter jurisdiction over the present claim).

Dated: May 24, 2018 Respectfully submitted,

*/s/ William Cory Spence*
William Cory Spence (No. 6278496)
Brian J. Beck (No. 6310979)
SpencePC
405 N. Wabash Ave., Suite P2E
Chicago, Illinois 60611
312-404-8882
William.Spence@spencepc.com
Brian.Beck@spencepc.com
*Counsel for Plaintiff and Counter-Defendant Ocean Tomo, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2018, a copy of the foregoing was served on counsel of record by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

/s/ *William Cory Spence*