UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OCEAN TOMO, LLC, | |
| Plaintiff, | No. 12 C 8450 |
| v. | Judge Thomas M. Durkin |
| PATENTRATINGS, LLC; JONATHAN BARNEY, | |
| Defendants. | |

ORDER

Ocean Tomo has moved to amend its complaint for a fourth time. R. 355. For the following reasons, that motion is denied in part and granted in part.

Ocean Tomo filed its original state court complaint on January 27, 2012 alleging that Barney copied data from his Ocean Tomo-issued laptop computer and then "wiped" it, in breach of (1) his fiduciary duties to Ocean Tomo, (2) his employment agreement with Ocean Tomo, (3) Ocean Tomo's Computer Asset Policy agreement, and in violation of (4) the federal Computer Fraud and Abuse Act, and (5) the Illinois Trade Secrets Act. *See* R. 1-1. In October 2012, Ocean Tomo first amended its complaint to include tortious interference and declaratory judgment claims based on events related to a potential deal with a Japanese company NTT Data. *See* R. 1-3. On January 13, 2015, Ocean Tomo amended its complaint again to include a declaratory judgment claim that it had not breached a License Agreement with PatentRatings. *See* R. 83. Ocean Tomo amended its complaint a third time on

November 23, 2016 to seek an additional declaratory judgment that some of the sections of the License Agreement Defendants claimed Ocean Tomo breached were unenforceable. *See* R. 176 ¶¶ 128-31.

On February 21, 2017, the Court set a trial date of June 26, 2017. R. 204. At Ocean Tomo's 30(b)(6) deposition on March 24, 2017, Ocean Tomo's CEO, Malackowski testified that in addition to the allegations in the complaint, Barney also (1) made misrepresentations about the capabilities of the PatentRatings system, (2) refused to execute a deal with a French bank, and (3) acted in such a way that prevented Ocean Tomo from developing a global patent ratings system. Fact discovery closed two weeks later on April 7, 2017. *See* R. 211.

On May 1, 2017, Ocean Tomo served an expert report on damages. R. 382-1. The expert opined that Ocean Tomo suffered as much as $100 million in damages based on allegations against Barney that Malackowski made in his deposition. The report asserted that these factual allegations were part of Ocean Tomo's claims for breach of fiduciary duties and breach of the employment agreement.

Defendants filed a motion in limine to preclude Ocean Tomo from offering evidence of the facts asserted in the expert damages report, arguing that it amounted to an attempt to amend the complaint for a fourth time. R. 278 at 5. In its opposition brief, however, Ocean Tomo argued that it was "not attempting to amend a complaint," but conceded that the facts referenced in the expert damages report "are not expressly pled in the complaint." R. 296 at 2. It argued further that the facts addressed in the expert report should be admitted at trial because they are

2

relevant to Ocean Tomo's breach of fiduciary duty and breach of contract claims, and to Ocean Tomo's defenses to Barney's counterclaims. *Id.* at 4. Ocean Tomo argued that the expert report merely discussed facts that supported a "new theory of *liability*" for the claims already in the complaint. *Id.* at 7 (emphasis in original).

The parties and the Court later agreed to a bench trial. R. 313. The Court reserved ruling on Defendants' motion in limine to determine the relevance of the evidence in the context of trial and the pending complaint.

The trial began on June 26, 2017. When Malackowski's testimony began to address the deal with a French bank, the Court questioned its relevance to any count in the complaint. Ocean Tomo's counsel argued that it was relevant to the breach of fiduciary duty claim, and would also "set the stage" for the "NTT dispute" which involved "a very similar fact pattern." In response, the Court noted that the fiduciary duty count referenced only Barney's alleged misuse of a laptop computer, and there was no count claiming a breach of fiduciary duty based on the French bank deal. In response, Ocean Tomo's counsel advanced the same argument it raised in opposition to Defendants' motion in limine:

> Counsel: There's not a separate count, but in our complaint, we plead the cause of action. And, among other places, in Mr. Malackowski's 30(b)(6) deposition, he . . . clearly sets forth all of these allegations, more specific allegations tha[n] you've heard here in trial about Mr. Barney's specific breaches of his duties.
> So while those things aren't specifically set forth in the complaint, they're certainly set forth in his 30(b)(6), and it's our position that we don't need to

3

|            |            |
|------------|------------|
|            | update our discovery as defendants has alleged we need to do in this case and that they were on notice of those claims. |
| The Court: | No, but you need to update your complaint. There has to be a cause of action— |
| Counsel:   | Correct. |
| The Court: | —that relates to particular evidence. There isn't at this moment, I don't think, but . . . certainly you can . . . point out where it's there. |
| Counsel:   | Well, we think there's a difference between pleading a cause of action and pleading facts to support the cause of action.<br>　　So we think that we've adequately pled the cause of action, not just with respect to fiduciary duty, but with respect to other claims, like breach of contract. Now, admittedly, all of the facts that we currently rely upon to support those legal allegations aren't contained in the complaint. We've gone through years of discovery since then, but we have disclosed those factual underpinnings, as I said through Mr. Malackowski's 30(b)(6) testimony and elsewhere. |

R. 336 at 195-96 (848:16–849:19). Then later during trial on July 25, 2017, a similar issue arose:

|            |            |
|------------|------------|
| The Court: | All right. But did you accuse Mr. Barney in your complaint of violation of the confidentiality clause of his employment agreement? Basically did you file a lawsuit or include in your lawsuit a claim, as Mr. Lutzker indicated, is the – that there was a violation of such – of 3.4.5? |
| Counsel:   | Of the violation of confidentiality obligations, yes. With respect to specifically |

4

|  |  |
|---|---|
|  | naming CDC [the French bank] as the basis for it, this is the additional evidence that we pieced together throughout the litigation. |
| The Court: | All right. But this particular incident is not the basis of a particular cause of action? |
| Counsel: | That's correct, Your Honor. |

R. 345 at 248 (2604:1-12).

The trial continued on various days through July 28, 2017. The parties were unable to complete the trial in this time period. It was not until October 20, 2017 that the parties were able to determine that they would be available to continue the trial beginning on April 23, 2018. R. 353.

On October 13, 2017, Ocean Tomo informed Defendants that it intended to move to amend the complaint. R. 355-3 ¶ 6. Defendants did not consent to the amendment. Ocean Tomo then waited until February 28, 2018 to file their motion to amend the complaint to add claims based on allegations that (1) Barney made misrepresentations about the capabilities of the PatentRatings system, (2) Barney refused to execute a deal with a French bank, and (3) Barney acted in such a way that prevented Ocean Tomo from developing a global patent ratings system. R. 355. The bench trial resumed on April 23, 2018, and was completed on April 27.

Ocean Tomo moves to amend pursuant to Federal Rules of Civil Procedure 15(b)(1) "and/or" 15(b)(2). R. 356 at 1. Rule 15(b)(1) applies when the opposing party objects to the amendment, whereas Rule 15(b)(2) applies when there is express or

implied consent. Defendants objected to the evidence at issue by filing a motion in limine to exclude it. Therefore, Rule 15(b)(1) controls here.

Rule 15(b)(1) provides:

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

Whether to grant a motion to amend under Rule 15(b)(1) is within this Court's discretion. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). The Court has "broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.*

As in *Hukic*, "several of those circumstances apply here." *Id.* Ocean Tomo waited until seven months after the break in the bench trial to file this motion. The case was already four and half years old when the trial began. Extensive discovery had been taken and completed and Ocean Tomo amended its complaint three times over the course of the case. Not until it served its expert damages report after the close of fact discovery did Ocean Tomo indicate that the case was about anything other than Barney's alleged misuse of the laptop and his conduct with respect to the NTT Data deal. The expert report identifying $100 million in damages and relying on testimony Malacklowski gave at Ocean Tomo's 30(b)(6) deposition smacks of a last ditch effort to raise the stakes of the case after fact discovery had closed.

Nevertheless, amendment of the complaint to add new claims at that juncture would likely have been permissible because it would have left open the opportunity for Defendants to take discovery on the new claims. Instead, Ocean Tomo insisted that it was not attempting to amend its complaint to add new claims, but was merely adding to the factual basis for claims already in the complaint.

Ocean Tomo's argument misconstrues the distinction between claims, legal theories, and facts. A claim is made up of (1) a legal theory of liability applied to (2) a certain set of facts. *See Florek v. Village of Mundelein*, 649 F.3d 594, 599 (7th Cir. 2011) ("[A] claim is the aggregate of operative facts which give rise to a right enforceable in the court."); *see id.* ("a claim is a single legal theory 'applied to only one set of facts'" (quoting *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 743 & n.4 (1976))). Since the beginning of the case, Ocean Tomo has pursued liability against Defendants based on Barney's alleged misuse of the laptop. Later, Ocean Tomo amended its complaint to allege facts about Barney's misconduct with respect to the NTT Data deal. Based on these two sets of facts, Ocean Tomo has made claims under the legal theories breach of fiduciary duty and breach of contract, among others. Ocean Tomo is correct that it is difficult to demonstrate prejudice based on an amendment to add a legal theory since "parties are not required to plead legal theories." *Disch v. Rasmussen*, 417 F.3d 769, 776 (7th Cir. 2005). By contrast, however, amending a complaint to add a different set of facts can prejudice the defendant by increasing the relevant documents and witnesses, or at least the questions that would be posed to the relevant witnesses.

Ocean Tomo argues that its motion merely seeks to add new legal theories of liability for its claims of breach of fiduciary duty and breach of contract, and since its complaint already includes claims based on those legal theories, adding facts that can support claims for breach of fiduciary duty and breach of contract cannot prejudice Defendants. But adding new facts, as Ocean Tomo seeks to do by this motion, is not a means of adding new legal theories. Clearly, the legal theories of breach of fiduciary duty and breach of contract are already in the complaint. And adding new facts—whether the legal theories attached to those facts are new to the complaint or not—serves to add new claims or causes of action to the case. Of course, Ocean Tomo has not expressly added new "counts" to the complaint. In fact, Ocean Tomo argues that the new facts support the complaint's current counts. But hiding new facts in the current counts, when the new facts are unrelated to the facts upon which the current counts are based, serves to add new legal claims or causes of action to the case, and prejudices Defendants to the extent they did not have the opportunity to take discovery on the new underlying facts.

Defendants had the opportunity to take discovery regarding the facts underlying the current counts—i.e., Barney's alleged misuse of a laptop computer and alleged misconduct with respect to the NTT Data deal. They did not, however, have the opportunity to take discovery about the facts (and the claims based on those facts) Ocean Tomo seeks to add to the complaint by this motion. Thus, amendment of the complaint to include claims based on those facts unduly prejudices Defendants.

Ocean Tomo argues that Defendants should have known that these facts and claims were a part of this case based on Malackowski's deposition testimony. But when Defendants objected to inclusion of these facts at trial, Ocean Tomo insisted that it did not intend to amend the complaint to add new claims. Ocean Tomo then doubled down on this position when questioned by the Court about this issue in the midst of trial. This insistence led Ocean Tomo to wait eleven months after Malackowski's deposition, and seven months after the break in the trial to seek to amend its complaint. This delay is too long, and prejudiced Defendants. The motion to amend is denied with respect to the proposed allegations that (1) Barney made misrepresentations about the capabilities of the PatentRatings system, (2) Barney refused to execute a deal with a French bank, and (3) Barney acted in such a way that prevented Ocean Tomo from developing a global patent ratings system.

Ocean Tomo argues that the Seventh Circuit reversed a district court that denied similar amendments in *King v. Kramer*, 763 F.3d 635 (7th Cir. 2014), and upheld a district court's decision to permit similar amendments in *Disch v. Rasmussen*, 417 F.3d 769 (7th Cir. 2005). But Ocean Tomo's reliance on those cases highlights how its argument in support of its motion stands the law on its head. In *King*, the district court decided that the plaintiff "could [not] argue the (undisputedly) correct legal standard to the jury, when it appeared that the shift would be a matter of law and jury instruction rather than a re-opening of discovery, and when the relevant facts underpinning the correct legal standard were already in the record." 763 F.3d at 643. Unlike the plaintiff in *King*, Ocean Tomo does not

9

seek to add only a new legal theory or standard, but seeks to add new claims based on new facts, which it concedes are not currently in the complaint. As discussed, this would likely necessitate the reopening of discovery, which is not appropriate at this late date.

Similarly in *Disch*, the district court permitted the plaintiff to amend the complaint to add a second theory that certain debts could not be discharged under the bankruptcy code because the case had "all along" concerned the defendant's failure "to provide an adequate accounting" of those certain debts. 417 F.3d at 776. The court held that the same set of facts underlay both legal theories and the discovery defendant had taken was sufficient. Not so here where Ocean Tomo's new claims are based on a different set of facts from that in the complaint that governed discovery.

However, part of Ocean Tomo's motion to amend seeks to amend the complaint to add the claim that "Barney breached the noncompete provision of his Employment Agreement through negotiating with NTT to develop a Japanese patent rating system before February 25, 2012." R. 356 at 3. Barney's dealing with NTT Data have been in the case since the first amended complaint. Defendants took discovery regarding these facts. Thus, adding a claim that these dealings constitute a breach of the noncompete provision of the Employment Agreement does not prejudice Defendants, and the motion to amend is granted to that extent.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: June 5, 2018