UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OCEAN TOMO, LLC,

    Plaintiff,

    v.

PATENTRATINGS, LLC; and
JONATHAN BARNEY,

    Defendants.

No. 12 C 8450

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

The Court heard testimony in a bench trial held on various days in June and July 2017, and April 2018. In Defendants' proposed findings of fact and conclusions of law, defendant Barney sought indemnification for attorney's fees under the operating agreement he was party to with Ocean Tomo. On April 12, 2019, the Court entered findings of fact and conclusions of law in the case, including in Barney's favor on a number of claims Ocean Tomo brought against him. *See* R. 440 (*Ocean Tomo, LLC v. PatentRatings, LLC*, 375 F. Supp. 3d 915 (N.D. Ill. 2019)). The Court withheld entry of final judgment because the Court required further briefing on the attorney's fees issue. In setting a briefing schedule, the Court also granted the parties permission to use part of their briefing to seek clarification of certain of the Court's findings.

After the briefing was submitted, the parties asked the Court to forbear on deciding the fees and clarification issues while they participated in mediation before an exceptionally experienced and able mediator. The parties were unable to resolve

the case. This is surprising considering the case's age and procedural posture, and the Court's observation that the parties are intelligent and rational business-people. The Court can only wonder what continues to motivate the parties to pursue litigation that appears to have out-lived its business purpose. The Court now addresses the remaining issues in the case, and will separately enter final judgment.

I.  **Fees Under the Operating Agreement**

   A.  **Terms of the Agreement**

Barney, a member of Ocean Tomo, seeks attorney's fees under operating agreement § 13.18, which is titled "Indemnification." R. 398-5 at 54 (p. 48). Relevant to the Court's analysis of Barney's claim for fees are the first three subsections (a), (b), and (c) of § 13.18 (attached as an appendix to this opinion and order). These subsections address the circumstances under which "any Manager or Member" or "officer, employee, or agent of the Company" is eligible for indemnification of attorney's fees incurred because they were "a party" to any "action or suit . . . by reason of [their relationship to the Company]."

Subsection (a) provides the terms for indemnification in any action, "other than an action by or in the right of the Company." Indemnification under subsection (a) is available if the person to be indemnified "acted in good faith and in a manner the [person] reasonably believed to be in, or not opposed to, the best interests of the Company." Additionally, the "termination of any action, suit or proceedings by judgment, order, settlement, conviction or upon plea of *nolo contendere* or its

equivalent shall not, of itself create a presumption" against a finding that the person acted in good faith and the Company's best interests.

Subsection (b) provides the terms for indemnification in "actions by or in the right of the company." Like subsection (a), indemnification is available under subsection (b) if the person acted in good faith and in the best interests of the Company. Subsection (b) does not include subsection (a)'s provision against creation of a presumption. Instead, subsection (b) provides:

> that no indemnification shall be made in respect of any claim, issue or matter as to which the Indemnified Person shall have been adjudged to be liable for gross negligence or willful misconduct in the performance of the Indemnified Person's duty to the Company, unless, and only to the extent that, the court in which the action or suit was brought shall determine upon application that, despite the adjudication of liability, but in view of all the circumstances of the case, the Indemnified Person is fairly and reasonably entitled to indemnity for those expenses as the court shall deem proper.

Both subsections (a) and (b) provide that the Board *must* indemnify "Managers and Members" who satisfy the terms for indemnification, whereas the Board has *discretion* to indemnify an "officer, employee, or agent of the Company." That is, unless the "officer, employee, or agent of the Company" was successful in defending the action, in which case indemnification is mandatory under subsection (c).

Subsection (c) does not reference "good faith," the "best interests of the Company," or the other terms for indemnification provided in subsections (a) and (b). Rather, it simply provides:

> To the extent that an Indemnified Person has been successful, on the merits or otherwise, in the defense of any

> action, suit or proceeding referred to in paragraph (a) or (b) above, or in defense of any claim, issue or matter therein, the Indemnified Person shall be indemnified against expenses (including attorney's fees and costs) actually and reasonably incurred by the Indemnified Person in connection therewith.

Barney, of course, was successful on some of the claims Ocean Tomo brought against him. Ocean Tomo contends, however, that he did not act in good faith. Ocean Tomo argues further that this makes Barney ineligible for attorney's fees because subsection (c)'s reference to the "suits or proceedings referred to" in subsections (a) and (b) means that even a person who successfully defends an action, and thus is eligible for indemnification under subsection (c), must also have acted in good faith and the best interests of the Company to be eligible for indemnification.

The Court finds Ocean Tomo's argument to be contrary to the plain language of the contract. Subsection (c) only references subsections (a) and (b) in order to identify "the suits or proceedings" for which indemnification is available. The good faith and best interests requirements in subsections (a) and (b) do not describe the "suits or proceedings" referred to in those subsections. Rather, each subsection describes a type of suit or proceeding, i.e.: (a) any lawsuit but those brought by the company; and (b) lawsuits brought by the company. And each subsection then proceeds to explain the eligibility requirements for indemnification for each type of lawsuit. For Ocean Tomo's argument to be correct, subsection (c) would need to have provided that the person to be indemnified was successful in the lawsuit, *in accordance with the terms* provided in subsections (a) and (b)—i.e., good faith, best interests of the company, etc. But subsection (c) imposes no such requirement.

Rather, it simply mandates indemnification of attorney's fees for any person successful in any lawsuit, whether the broad range of actions described in subsection (a), or more specifically the actions brought by or in the right of the company addressed in subsection (b).

Ocean Tomo argues that subsection (c) was not intended to eliminate the good faith and best interests requirements imposed by subsection (a) and (b). Rather, Ocean Tomo argues, it is intended "merely [1] to provide the 'extent' to which expenses will be indemnified and [2] [to] remove[] [the] optionality of 13.18(b) with respect to non-Managers or non-Members who are successful on a claim." R. 444 at 3. The Court finds both arguments unavailing.

First, Ocean Tomo mischaracterizes the use of the word "extent" in subsection (c). Contrary to Ocean Tomo's argument, the word "extent" does not serve to distinguish between "expenses" that "will be indemnified" and those that will not. This is a facially implausible interpretation because subsection (c) does not provide the means for making such a distinction. Moreover, the purpose of the word "extent" is clear on its face. It serves to distinguish subsections (a) and (b), which concern instances when a person to be indemnified loses a lawsuit, from subsection (c) which operates "to the extent" the person to be indemnified wins a lawsuit. True, subsections (a) and (b) do not expressly apply to lawsuit-losers. But that is precisely why the word "extent" is useful in subsection (c). It serves to alert the reader that, unlike subsection (a) and (b) which concerned lawsuit-losers, subsection (c) concerns lawsuit-winners.

5

Second, subsection (c) does not expressly mention "non-Managers and non-Members" as Ocean Tomo's argument implies. If subsection (c) were intended to simply "remove optionality" with respect to indemnification of "non-Managers and non-Members," the Court would expect those categories of persons to be mentioned in the subsection. Instead, subsection (c) is written to apply universally to all persons to be indemnified. The subsection must be read to have some meaning for Managers and Members who already must be indemnified under subsections (a) and (b). As discussed, the subsection's meaning for Managers and Members is that they are not subject to the good faith and best interests requirements in order to receive indemnification when they win a lawsuit. Therefore, the express terms of § 13.18 provide that Barney is entitled to receive attorney's fees in this case.

**B.    Waiver**

Federal Rule of Civil Procedure 54(d)(2) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Ocean Tomo argues that fees "sought under a contract," like the fees Barney seeks here, is "a claim that must be pled and subject to discovery and trial as to its underlying substantive elements." R. 444 at 9 (quoting the Advisory Committee Notes to Rule 54(d)(2)). And since Barney did not plead a claim for attorney's fees under § 13.18, Ocean Tomo argues he has waived that claim.

"What Rule 54(d)(2)(A) requires is that a party seeking legal fees among the items of damages—for example, fees that were incurred by the plaintiff before the

6

litigation begins, as often happens in insurance, defamation, and malicious prosecution cases—must raise its claim in time for submission to the trier of fact, which means before the trial rather than after." *Rissman v. Rissman*, 229 F.3d 586, 588 (7th Cir. 2000). By contrast, "[f]ees for work done *during the case* should be sought after decision, when the prevailing party has been identified and it is possible to quantify the award." *Id.* (emphasis added).

In *Rissman*, the Seventh Circuit reversed a district court's denial of attorney's fees pursuant to a contractual provision because the defendant failed to seek fees in a counterclaim. Ocean Tomo argues that this Court should adopt the district court's reasoning in *Rissman*. But as in *Rissman*, Barney doesn't seek fees he incurred as damages prior to litigation. Rather, Barney seeks the fees he incurred defending against Ocean Tomo's claims. As in *Rissman*, Barney did not need to file a counterclaim to be entitled to seek those fees under Rule 54.

Ocean Tomo argues that *Rissman* is inapposite because at issue in that case was "a contractual fee-shifting provision analogous to a statutory provision traditionally permitted to be raised by motion under the rule." R. 444 at 10. But the provision at issue here expressly provides for indemnification of fees to a party that is "successful, on the merits or otherwise, in the defense of any action." The Court does not perceive any material difference between this provision and a traditional fee-shifting provision. Both concern the shifting of responsibility for fees after a judgment is entered based on success on the merits.

Therefore, Barney did not waive his right to seek attorney's fees under § 13.18 by not pleading a claim for them.

## C. Discovery

Lastly, "Ocean Tomo requests substantial discovery on issues of parol evidence and good faith," regarding attorney's fees "actually and reasonably incurred." R. 444 at 12. The Court denies this request, because discovery is not necessary or appropriate. In cases with multiple claims, courts routinely determine what attorney's fees are related to particular claims. *See Awalt v. Marketti*, 2018 WL 2332072, at *4-5 (N.D. Ill. May 23, 2018). Any motion for fees from Barney should exclude fees not attributable to work for which fees are available under § 13.18, and should support that analysis with sufficient billing records and other relevant evidence. Ocean Tomo will have the opportunity in its brief to challenge Barney's analysis of indemnifiable fees.

## II. Clarification

Ocean Tomo withheld partnership allocations and distributions from Barney for violation of the operating agreement because it believed he: (1) competed with Ocean Tomo for Boeing's business; (2) interfered with the NTT deal negotiations; and (3) mishandled his Ocean Tomo-issued laptop. Ocean Tomo brought claims against Barney in this case based on his alleged interference in NTT deal and mishandling of his laptop, but did not bring a claim based on the Boeing business. Barney brought a claim alleging that Ocean Tomo acted in bad faith by withholding Barney's partnership allocations and distributions on these bases.

In the April 12 decision, the Court found against Ocean Tomo on its claims that Barney improperly interfered in the NTT deal and that he mishandled his laptop. But the Court also found against Barney on his claim of bad faith, because the Court found that Ocean Tomo's claims against Barney were not frivolous.

Other than the bad faith claim, Barney did not make a claim in this case for return of the withheld dividend allocations and distributions. Notably, he does not now argue on this request for clarification that he made such a claim in this case.

Rather, Barney asks the Court to enter judgment on his claims for breach of the operating agreement "without prejudice" so that he can ensure that Ocean Tomo will "restor[e] to Barney the previously withheld dividend allocations, distributions, and information inspection rights." R. 443 at 9. Barney argues further that the Court's judgment should be without prejudice because "Barney should not be precluded from seeking relief, if necessary, through a separate litigation action." *Id.*

As stated in the April 12 decision, the Court "expects" that its decisions are a sufficient basis for Barney to "receive the benefit of his ownership interest in Ocean Tomo going forward." R. 440 at 79. But the details of that continuing relationship are no longer before the Court because the Court has addressed all of the parties' claims. The Court will enter judgment with prejudice on the claims before it. Despite Barney's request, the preclusive effect of that judgment is not an issue currently before the Court because there are no undecided claims outstanding before the Court.

9

## Conclusion

Therefore, Barney may seek attorney's fees pursuant to § 13.18 of the operating agreement. Any bill of costs and/or motion for attorney's fees should be filed in accordance with Federal Rule of Civil Procedure 54. Any bill of costs should include argument as to why the party should be considered a prevailing party. In addressing costs and fees, the parties should work cooperatively and efficiently, as the Court will not award unreasonable fees and costs related to seeking fees and costs.

The Court amends its findings of fact and conclusions of law relevant to the issue of prevailing parties as follows. The Court notes that in its April 12 decision it stated that "the only claims on which the Court found for the complaining party are Defendants' related claims for a declaratory judgment that the license agreement and the supplemental license agreement are terminated." R. 440 at 81. In reviewing the pleadings, the Court notes that Count I of Ocean Tomo's complaint was for a declaratory judgment that Ocean Tomo did not breach the license agreement by failing to pay royalties. *See* R. 176. The Court found that Ocean Tomo did not breach the license agreement by failing to pay royalties, and so found in Ocean Tomo's favor on that claim.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: October 11, 2019

# **APPENDIX**

13.18 Indemnification.

(a) Indemnification for Actions. The Company (i) shall indemnify any Manager or Member and (ii) may in the discretion of the Board indemnify any other Person, in each case who was or is a party, or is threatened to be made a party to, any threatened, pending or completed action, suit or proceeding (other than an action by or in the right of the Company), whether civil, criminal, administrative or investigative, by reason of the fact that such Member, Manager or other Person is or was a manager, member, officer, employee or agent of the Company, or is or was serving at the request of the Company as a director, member, officer, employee or agent of another limited liability company, corporation, partnership, joint venture, trust or other enterprise (each an "Indemnified Person"), against expenses (including attorneys' fees and costs), judgments, fines and amounts paid in settlement actually and reasonably incurred by the Indemnified Person in connection with the action, suit or proceeding, if the Indemnified Person acted in good faith and in a manner the Indemnified Person reasonably believed to be in, or not opposed to, the best interests of the Company or, with respect to any criminal action or proceeding, had no reasonable cause to believe the Indemnified Person's conduct was unlawful. The termination of any action, suit or proceeding by judgment, order, settlement, conviction or upon a plea of *nolo contendere* or its equivalent shall not, of itself, create a presumption that the Indemnified Person did not act in good faith and in a manner that the Indemnified Person reasonably believed to be in, or not opposed to, the best interests of the Company or, with respect to any criminal action or proceeding, that the Indemnified Person had reasonable cause to believe that the Indemnified Person's conduct was unlawful.

(b) Indemnification for Actions By or in the Right of the Company. The Company (i) shall indemnify an Indemnified Person who is Manager or Member and (ii) may in the discretion of the Board indemnify any other Indemnified Person, in each case who was or is a party, or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the Company to procure a judgment in its favor by reason of the fact that such Indemnified Person is or was a Manager, Member, officer, employee or agent of the Company, or is or was serving at the request of the Company as a manager, member, officer, employee or agent of another limited liability company, corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorney fees and costs) actually and reasonably incurred by the Indemnified Person in connection with the defense or settlement of the action or suit, if the Indemnified Person acted in good faith and in a manner the Indemnified Person reasonably believed to be in, or not opposed to, the best interests of the Company, provided that no indemnification shall be made in respect of any claim, issue or matter as to which the Indemnified Person shall have been adjudged to be liable for gross negligence or willful misconduct in the performance of the Indemnified Person's duty to the Company, unless, and only to the extent that, the court in which the action or suit was brought shall determine upon application that, despite the adjudication of liability, but in view of all the circumstances of the case, the Indemnified Person is fairly and reasonably entitled to indemnity for those expenses as the court shall deem proper.

(c) Expenses. To the extent that an Indemnified Person has been successful, on the merits or otherwise, in the defense of any action, suit or proceeding referred to in paragraph (a) or (b) above, or in defense of any claim, issue or matter therein, the Indemnified Person shall be indemnified against expenses (including attorney's fees and costs) actually and reasonably incurred by the Indemnified Person in connection therewith.

- 48 -