**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| OCEAN TOMO, LLC, ) | |
| ) | |
| Plaintiff-Counterdefendant, ) | |
| ) | |
| vs. ) | No. 12-cv-08450 |
| ) | |
| JONATHAN BARNEY and ) | Hon. Thomas M. Durkin |
| PATENTRATINGS, LLC, ) | |
| ) | |
| Defendants-Counterplaintiffs. ) | |

**JONATHAN BARNEY'S REPLY IN SUPPORT OF HIS
SECOND MOTION FOR INSTRUCTIONS AND RESPONSE
TO OCEAN TOMO, LLC'S MOTION FOR INSTRUCTIONS**

Defendant-Counterplaintiff Jonathan Barney ("Barney"), pursuant to LR 54.3(g), respectfully submits this reply in support of his Second Motion for Instructions (Dkt. 483), and this response to Ocean Tomo's Motion for Instructions and Response to Barney's Second Motion for Instructions (the "Response"). (Dkt. 488.)

1. Rather than admitting the obvious: that Ocean Tomo wishes to withdraw its unequivocal waiver of the right to challenge the reasonableness of Barney's counsel's hourly rates, and the amount of time spent on any particular task (*see* Dkt. 483 at 2 & Dkt. 483-1 at 9-12), Ocean Tomo has doubled down. Ocean Tomo now asserts that "the Court specifically contemplated that Ocean Tomo could revisit its right to argue that the rates charged by counsel to Barney are too high – so long as Ocean Tomo, as a matter of fairness, agrees to produce its own rates for comparison." (Dkt. 488 at 2.) It is hard to see this as anything other than a disingenuous reading of the transcript of the December 16, 2019 hearing before the Court. As the transcript makes crystal clear, the Court advised Barney's counsel that if – *notwithstanding Ocean Tomo's waiver of the right to challenge the reasonableness of Barney's counsel's hourly rates, and the amount of time*

*spent on any particular task* – Barney nevertheless needed Ocean Tomo's counsel's bills, the Court would order that Ocean Tomo produce those records. (Dkt. 483-1 at 12-13.) Contrary to what Ocean Tomo asserts (*see* Dkt. 488 at 7), nothing that the Court said during the December 16th hearing could reasonably be understood to grant Ocean Tomo the option to challenge Barney's counsel's hourly rates, whenever Ocean Tomo decided to belatedly produce its counsel's billing records. (*See* Dkt. 483-1 at 1-16.)[1]

2. As Barney demonstrates in his Second Motion for Instructions, and as the transcript of the December 16, 2019 hearing unequivocally confirms, Ocean Tomo waived any right to challenge the reasonableness of Barney's counsel's hourly rates and the amount of time spent on any particular task. (*See* Dkt. 483 at 1-4; Dkt. 483-1 at 9-12.) Barney respectfully requests that the Court hold Ocean Tomo to its word, and confirm that those arguments were – and remain – waived.

3. Ocean Tomo spends most of its Response arguing that Barney has not provided information to Ocean Tomo that LR 54.3 requires Barney to provide. (*See* Dkt. 488 at 1-9.) Ocean Tomo's argument is untimely and, in any event, without merit.

4. As Ocean Tomo acknowledges, on December 11, 2019, Barney's counsel provided further information to Ocean Tomo detailing the fees and expenses that Barney intends to seek in his fee petition, and the fees and expenses Barney is not seeking. (*See* Dkt. 488 at 3.) Ocean Tomo, however, waited more than 40 days to assert for the first time (in its Response, filed January 22, 2020) that such additional information purportedly does not comply with LR 54.3. Ocean Tomo notably did not assert in its January 14, 2020 letter that the additional disclosures were deficient

---

[1] Notwithstanding its assertions, Ocean Tomo still has not provided Barney with *any* of Ocean Tomo's counsel's billing records. Instead, Ocean Tomo has provided only an unsubstantiated summary of SpencePC's hourly rates and billing totals – and no hourly rate information or billing totals whatsoever for Vedder Price P.C., which represented Ocean Tomo in this litigation from 2011 until December 2016.

2

under LR 54.3. (*See* Dkt. 483-4.) And during the December 16th hearing, Ocean Tomo's counsel claimed only that Barney had failed to separate the fees that Barney believes are recoverable from those that are not. (*See* Dkt. 483-1 at 7-8.) Barney's counsel confirmed that Barney had in fact done just that (*see id.* at 8-9) – and the additional information that Barney's counsel provided on December 11th, some of which Ocean Tomo attaches to its Response (*see* Dkt. 488 Exs. B and C) – confirms that statement. At no point during the December 16th hearing, or at any point before filing its Response on January 22nd, did Ocean Tomo assert that Barney's disclosures (including both his November 1st disclosures and the December 11th supplemental disclosures) are deficient under LR 54.3. Ocean Tomo's eleventh hour contention that Barney's LR 54.3 disclosures are inadequate (notably, only made after Barney filed his Second Motion for Instructions) is untimely and should be rejected.[2]

5.     In addition to being untimely, Ocean Tomo's arguments are without merit. Ocean Tomo argues that LR 54.3 requires Barney to "explain how he calculated his alleged indemnifiable fees," "provide evidence in support of such contentions," provide "explanation or analysis in support of his allegation that such categories of fees are properly indemnifiable," and provide a "rationale for how such apportionments [of fees] were calculated or any support for the assertion that any portion of the entries relates to Barney's indemnifiable defense." (*See* Dkt. 488 at 1-4.) Contrary to what Ocean Tomo asserts, however, LR 54.3 does not require Barney to provide any of that information. Instead, what LR 54.3 requires is that Barney disclose:

- "[T]he time and work records on which the motion will be based, and shall specify the hours for which compensation will and will not be sought;

---

[2] Under LR 54.3, if Ocean Tomo believed that Barney's December 11th supplemental disclosures were deficient under LR 54.3, Ocean Tomo could have filed a motion seeking instructions from the Court. Under LR 54.3(g)(3), any such motion was required to be filed by December 26, 2019. Ocean Tomo did not file any such timely motion.

- [T]he hourly rates that will be claimed for each lawyer, paralegal, or other person. If the movant's counsel or other billers have performed any legal work on an hourly basis during the period covered by the motion, the movant shall provide representative business records sufficient to show the types of litigation in which such hourly rates were paid and the rates that were paid in each type. If the movant's counsel has been paid on an hourly basis in the case in question or in litigation of the same type as the case in question, records showing the rates paid for those services must be provided. If the movant will rely on other evidence to establish appropriate hourly rates, such as evidence of rates charged by attorneys of comparable experience and qualifications or evidence of rates used in previous awards by courts or administrative agencies, the movant shall provide such other evidence; and

- [T]he evidence that will be used to support the related nontaxable expenses to be sought by the motion. (LR 54.3(d)(1), (2), and (3).)

6. Barney disclosed all of this information long ago, and nothing in LR 54.3 supports Ocean Tomo's belated effort to argue that LR 54.3 requires Barney to provide the additional information Ocean Tomo now is demanding be provided.[3]

7. Moreover, Ocean Tomo had ample opportunity to address its purported questions and concerns about Barney's LR 54.3 disclosures by meeting and conferring with Barney's counsel, as required by LR 54.3. To date, however, Ocean Tomo's counsel has consistently failed to make themselves available and has repeatedly ignored all requests from Barney's counsel to meet and confer.

---

[3] Ocean Tomo's reliance on the Court's October 11, 2019 Memorandum Opinion and Order (Dkt. 458) to argue that Barney was required to disclose more than what LR 54.3 says (*see* Dkt. 488 at 2) is off the mark. As the excerpt quoted in Ocean Tomo's Response makes clear, the Court was providing instructions on what Barney's fee petition should contain, not modifying the requirements of LR 54.3.

WHEREFORE, for the reasons set forth above and in his Second Motion for Instructions, Jonathan Barney respectfully requests that the Court enter an Order:

(i) Confirming that Ocean Tomo has waived any right to challenge the reasonableness of Barney's counsel's hourly rates, and waived any right to challenge the reasonableness of the time spent on any particular task; ordering Ocean Tomo to provide Barney with a specific identification of the hours and expenses that will and will not be objected to, the basis of any objections, and the specific hours and expenses that Ocean Tomo views as reasonable and that should be compensated; extending the deadline for Barney to file his fee petition to a date 14 days after Ocean Tomo is required to produce all of that information; and denying Ocean Tomo's Motion for Instructions;

Or, in the alternative:

(ii) Requiring Ocean Tomo to provide all of its counsel's billing records to Barney forthwith; ordering Ocean Tomo to provide any evidence it will use to oppose the requested hours, rates, or related nontaxable expenses sought by Barney; ordering Ocean Tomo to provide Barney with a specific identification of the hours and expenses that will and will not be objected to, the basis of any objections, and the specific hours and expenses that Ocean Tomo views as reasonable and that should be compensated; extending the deadline for Barney to file his fee petition by 60 days – to April 3, 2020; and denying Ocean Tomo's Motion for Instructions.

Dated: January 23, 2020

Respectfully submitted,

JONATHAN BARNEY

By: */s/ David C. Layden*
      One of his attorneys

David C. Layden
Katharine R. Ciliberti
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2020, a copy of the foregoing was served on counsel of record by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

/s/ David C. Layden
David C. Layden
