UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OCEAN TOMO, LLC, | |
| Plaintiff, | No. 12 C 8450 |
| v. | Judge Thomas M. Durkin |
| PATENTRATINGS, LLC; JONATHAN BARNEY, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

The Court awarded attorney's fees to Barney under the terms of Ocean Tomo's agreement to indemnify Barney for expenses incurred "in connection with the defense" of any action brought against him by Ocean Tomo. Barney now seeks the fees he incurred in seeking the award of fees. R. 541.

**I. The Indemnity's Scope**

"It is established that while an indemnitee may recover from his indemnitor attorneys' fees and expenses incurred in defending a claim as to which he is indemnified, he may not recover fees and expenses incurred to establish his right against the indemnitor." *Peter Fabrics, Inc. v. S.S. Hermes*, 765 F.2d 306, 315 (2d Cir. 1985) (citing cases); *accord R.R. Donnelley & Sons Co. v. Vanguard Transp. Sys., Inc.*, 641 F. Supp. 2d 707, 725 (N.D. Ill. 2009), *as corrected* (Aug. 12, 2009); *Penn. Truck Lines, Inc. v. Solar Equity Corp.*, 127 F.R.D. 127, 129 (N.D. Ill. 1988), *aff'd,* 882 F.2d 221 (7th Cir. 1989). "Of course, when, as here, the obligation to indemnify arises out

of a contract, the rule that an indemnitee cannot recover the costs of establishing the right to indemnification does not apply if the agreement explicitly says otherwise." *Peter Fabrics*, 765 F.2d at 316.

Here, the indemnity agreement provides for payment of expenses "in connection with the defense" of any claims. Barney argues that if this provision does not include "fees on fees" he will not receive "the full benefit of the indemnity." But "the full benefit of the indemnity" here is defined according to the indemnity agreement's terms, so Barney's argument is circular.

The real question is the meaning of the phrase "in connection with." Ocean Tomo argues that its meaning must be limited by the word "defense." According to Ocean Tomo, the "word 'defense' establishes a clear dividing line for indemnification between fees incurred in defending Barney from having to pay damages to Ocean Tomo, and fees incurred in Barney's pursuit of damages from Ocean Tomo." In other words, "Barney's argument that the term 'in connection [with]' is so broad as to cover fees incurred that are in pursuit of a monetary fee claim against Ocean Tomo would effectively read the word 'defense' out of [the indemnity agreement]."

One could argue, however, that Ocean Tomo's focus on the word "defense" reads out the phrase "in connection with." If the parties had intended for indemnity of only the expenses of "defense" there would be no need for the phrase "in connection with." The agreement could simply have indemnified expenses incurred "in defense of" the claim or action. In this way, the phrase "in connection with the defense" seems to imply inclusion of expenses beyond the defense itself. *See Schroeder v. C. F. Braun*

*& Co.*, 502 F.2d 235, 245 (7th Cir. 1974) ("[T]he provisions for attorney's fees 'in connection with' the work in the various indemnity contracts cover fees incurred defending or prosecuting indemnity claims as well as fees incurred defending against plaintiff's suit.").[1]

On the other hand, in everyday usage the phrase "in connection with" does not generally imply an extension beyond the subject, but rather something directly related to the subject. The Merriam-Webster dictionary uses as an example the sentence, "Police arrested four men in connection with the robbery." In that sentence, "the arrest" is directly related to "the robbery." Applying that sense of the phrase to the agreement here suggests that Ocean Tomo's interpretation is correct because only costs directly related to the defense would be indemnified, whereas costs of establishing indemnity would be one step removed.[2]

The question then becomes whether the term "the defense" encompasses pursuit of the indemnity in this particular case. And the answer certainly must be affirmative. The question of Barney's right to indemnity was at issue in post-trial briefing and the Court preliminarily found that Barney had a right to indemnity in

---

[1] This sentence from the *Schroeder* case seems to support Barney's argument. But the sentence, while not dicta, is a secondary holding that comes without analysis of the issue here. Further, a number of courts have questioned whether the Seventh Circuit really meant what it appears to have said and have not followed *Schroeder*. *See R.R. Donnelley*, 641 F. Supp. 2d at 725. Thus, this Court finds that *Schroeder* is not controlling here.

[2] The Court notes that the phrase "in connection with" is contained in a provision about indemnity in the Illinois Business Corporation Act, 805 ILCS § 5/8.75. The language of the indemnity agreement at issue here appears largely to mirror the statute's language. But the Court has not found any authority interpreting the statute in a way that sheds light on the issue here.

3

the findings of fact and conclusions of law the Court issued after the bench trial. Then, when Barney eventually filed his fee petition, the Court awarded fees for a time period that included the filing of that petition. In other words, there has never been a neat distinction between the underlying claims and the issue of Barney's right to indemnity, if there ever was any separation at all. Those issues have always gone hand-in-hand. Ocean Tomo's objection to payment of the indemnity is most logically understood as an aspect of Ocean Tomo's claims against Barney, and Barney's claim for costs associated with establishing indemnity is part of his defense against Ocean Tomo's claims. And because those costs are part of Barney's defense, they are covered by the indemnity agreement.

## II.  The Amount

The procedural history of Barney's attempt to establish indemnity and then file a fee petition is further evidence that process is connected to the parties underlying dispute. The parties spent months arguing over the disclosures required for a fee petition by Local Rule 54.3. This caused both sides to incur relatively substantial amounts of additional fees: $177,404.00 for Barney; and $98,295.80 for Ocean Tomo.

Ocean Tomo argues that Barney's fees should be decreased because they are disproportional to what he spent defending the underlying claims. But Ocean Tomo makes this argument with reference to the amount of fees the Court awarded. This is a misleading comparison. The more proper comparison is with the amount Barney requested. Barney's request here does not appear as anomalous when comparing

requested fees to requested fees, because Barney's request for fees on the underlying claims was more than 50% greater than the award, without even taking into account the additional fees attributed to Barney's company and codefendant. Nevertheless, Barney's fee request is a greater percentage of the total fees expended and requested than the Court would expect for the filing of a fee petition.

Ocean Tomo also argues that Barney spent more on the fee petition than Ocean Tomo because all the work was performed by a "very expensive equity partner." Ocean Tomo, however, does not argue that any of the work was below the partner level. And Barney argues that Ocean Tomo actually worked more hours on the fee petition than Barney's counsel, just at lower rates. These are fair points. But the fact remains that Ocean Tomo was able to address the fee issues for nearly $79,000 less than Barney. Because Ocean Tomo had every incentive to limit the amount of fees it spent on this issue, the Court finds Ocean Tomo's fees highly relevant to determining the commercially reasonable rate.

For these reasons, the Court finds that a decrease of Barney's requested fees is appropriate. Because the parties' numbers are relatively close when compared to the total fees expended in this case, the Court finds that the best way to end this dispute once and for all is to split the difference: Barney is awarded $137,849.90 for filing the fee petition, inclusive of costs and interest. Barney's motion for fees [541] is granted to that extent.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: July 27, 2022